### BURNS v. CITY OF ENID et al.

No. 13837--Opinion Filed July 31, 1923.

**1. Municipal Corporations—Powers as to Garbage Disposal.**

A city in the exercise of the police power granted it by the state may, by reasonable ordinance, regulate the collection and disposal of substances within the city which are of such a condition and of such a character as to be nuisances per se and deleterious to the public health or comfort, or which are liable to become nuisances· or noxious or deleterious unless immediate care is taken to prevent their becoming so.

**2. Same—Monopolies— Exclusive Garbage Contract.**

It does not create an unlawful monopoly, or unlawfully restrain trade, to permit the business of collecting and dispos-

ing of such substances to one person and to exclude all others from such business.

**3. Same—Health —Prevention Measures.**
A city may prevent conditions injurious to health, as well as abate them.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by E. J. Burns against the City of Enid, its mayor and commissioners and garbage contractors, to prevent the enforcement of the provisions of ordinance No. 1212. The city demurred to the plaintiff's petition. From an order of the district court sustaining the demurrer and dismissing the action, the plaintiff appeals. Affirmed.

H. N. Wedgwood and Frank Eagin, for plaintiff in error.

F. W. Herndon (F. E. Chappel, of counsel), for City of Enid. .

Opinion by PINKHAM, C. This was an action commenced in the district court of Garfield county, Okla., by the plaintiff in error, plaintiff in the court below, against the city of Enid, its mayor and commissioners, and the garbage contractors of said city to prevent the enforcement of the provisions of ordinance No. 1212 of said city of Enid.

The case comes to this court upon the appeal of the plaintiff in the court below from an order of the district court of Garfield county sustaining the demurrer of the defendants to the petition of the plaintiff and dismissing his action.

The sole and only question to be decided by this court is, Does the petition of plaintiff in error state a cause of action?

The petition. to which a copy of said ordinance is attached and made a part thereof, alleges that said ordinance is null and void in that it attempts to create a city scavenger, for which there is no authority at law; that it gives the mayor and commissioners the right to, by contract, designate and appoint a city scavenger, with the exclusive privilege and authority to compel the citizens of said city, without their consent, to have said scavenger remove unobnoxious and unoffensive matters from their premises, which are not required by law; that it attempts to absolutely prohibit any other person from engaging in the business of scavenger, unless employed by the mayor and counsel of the city of Enid, thus creating a monopoly. That said ordinance is in derogation of the rights of the plaintiff, attempting to abridge and prohibit the right of contract;

that it is in restraint of trade, and is an unreasonable and unwarranted invasion of the rights of the inhabitants of the city of Enid ; that, acting under said ordinance, the defendants are attempting to and are prohibiting the plaintiff from carrying on and conducting his said business in removing garbage and debris from the premises of residents and occupants of the city of Enid who desire to employ him so to do, and with many of whom he now has contracts for said services.

It is contended by counsel for plaintiff in error in his brief that ordinance No. 1212 of the city of Enid is void for two reasons : (1) That the ordinance is void because it creates a monopoly of the business of hauling and disposing of garbage ; (2) that the ordinance is void because it is discriminatory, illegal, and in excess of the police power of the city of Enid to prohibit a business which is not a nuisance per se.

The first proposition refers only to sections 7 and 8 of ordinance No. 1212 of the city of Enid, which read as follows:

"Sec. 7. The mayor and commissioners shall enter into a contract with some suitable person or persons, firm or corporation for the removal and disposal of said garbage and such contract to continue in force for a period of not less than one or more than five years, provided, such contractor shall furnish a good and sufficient bond conditional for the faithful performance of such contract and all the requirements of this ordinance.

"Sec. 8. Any person or persons, firm or corporation who receives such contract from the city shall provide the necessary equipment to properly remove such garbage, and no wagon or conveyance of any character shall be used by such person or persons, firm or corporation as contractor unless the same be of iron or steel, water tight, so that none of such garbage, refuse or any liquid coming therefrom can be spilled in the streets, avenues, alleys, or public places of this city during the operation of transportation and removal."

Counsel for plaintiff does not contend that the city of Enid is without power to pass ordinances regulating and controlling the hauling and disposal of garbage, but the contention is that the ordinance in question creates a monopoly by authorizing the mayor and commissioners to enter into a contract with some suitable person for the removal and disposal of garbage, thereby depriving other persons of the right to make private contracts for the disposal of garbage, and that such ordinance is void for the further reason that it is discriminatory in that it denies to the citizens the right to dispose of their garbage except as

provided by the terms of the said ordinance.

Cases may be found to support these propositions, but the great weight of authority is opposed to plaintiff's contention.

The cases which uphold ordinances such as the one involved in this case, do so, upon the ground that the municipality is enforcing its police power in the interest of the public, and is not establishing a business monopoly in character.

"It is competent for a city to ordain, under a penalty, that no person shall gather and remove waste, refuse and offensive matter without first having obtained a license so to do. An ordinance to this effect is not invalid as being 'in restraint 'of trade or as creating a monopoly. * * *" (19 R. C. L. 971).

In the case of Valley Spring Hog Ranch Co. v. Plagman, 282 Mo. 1, 220 S. W. 1, 15 A. L. R. 266, the Supreme Court of Missouri passed upon a similar provision of an ordinance of the city of Joplin, Mo., which provides that:

"The city of Joplin may, for the benefit of the public health, contract with a suitable person, firm or corporation, for the exclusive right to dispose of the garbage in the city of Joplin. * * *"

And the court in the body of the opinion said:

"It is first suggested that the ordinance is void because it authorizes the city to make an exclusive contract for the removal and disposition of garbage. We are cited to no Missouri case as covering the proposition. It has, however, been passed upon elsewhere with singular unanimity," quoting from the following cases: State v. Robb, 100 Maine, loc cit. 188, 60 Atl. 877, and the Slaughter-House Case, 16 Wall. 36, 21 L. Ed. 394; Grand Rapids v. DeVries, 123 Mich. loc. cit 582, 82 N. W. 273; California Reduction Co. v. Sanitary Reduction Works, 199 U. S. 317, 50 L. Ed. 204, 26 Sup. Ct. Rep 102; State v. Orr, 68 Conn. loc. cit. 110, 34 L. R. A. 279, 35 Atl. 771.

In the case of C. W. Bishop v. City of Tulsa, Criminal Court of Appeals (Okla. Cr.) 209 Pac. 228, the 4th paragraph of the syllabus reads as follows:

"It is within the police power of the cities of this state to regulate the orderly, sanitary disposal of garbage, and such cities, pursuant to ordinances, may create a monopoly for that purpose."

In the body of the opinion in that case, it is said:

"It is next urged that the garbage disposal ordinances in question are void because they operate to deprive individuals of their property without due process of law, and create a monopoly for profit in the person designated and authorized to dispose of the garbage. It is well settled that it is within the police power of cities of this and other states to provide for the orderly, sanitary disposal of garbage. In nearly all cities ordinances of the character here at issue have been enacted. and, within constitutional limitations, have been upheld by the courts when attacked, as being no interference with private property rights and not void for unreasonableness. Kimball v. Woodward, Health Com'r, 233 Mass. 272, 15 A. L. R. 272; Pantlind v. City of. Grand Rapids, 210 Mich. 18, 15 A. L. R. 280."

The Bishop Case, supra, was an appeal from a prosecution in the police court in the city of Tulsa. It was contended in that case by counsel for the petitioner, that the ordinance under which the defendant was prosecuted was unconstitutional. As stated in the opinion, the ordinance of the city of Tulsa contained a similar provision to the ordinance here in question, in that it provided that the board of commissioners should employ some person as city garbage collector, and that it should be unlawful for any other person to transport garbage along or on the streets or alleys of the city.

In Grand Rapids v. De Vries, 123 Mich. 570, under an ordinance authorizing it, the city had contracted with one person giving him an exclusive right to collect and remove garbage and offal. The ordinance denied the right to all others. The defendant engaged in the business of collecting garbage in violation of the ordinance. He objected that the ordinance created a monopoly and tended to restrain trade. The court said:

"The gathering of garbage is not a trade, business or occupation in any proper sense, and such employment does not come under the doctrine in reference to monopolies or in reference to legislation in restraint of trade. It is a matter in which the public agencies are authorized to pursue the best means to protect the public health. * * * The ordinance is one of the police regulations of the city for the benefit of the public health."

In Walker v. Johnson, 140 Ind. 591, the court held that an ordinance under which an exclusive contract was made for the collection and removal of garbage, was a mere sanitary regulation, and was not an attempt to create a monopoly.

In the opinion the court said, among other things:

"We recognize the rule that a municipal corporation has no power to treat a thing as a nuisance, which cannot be one, but it is equally well settled that it has the power to treat as a nuisance a thing which from its character, location and surroundings, may or does become

such. * * * It may be that the hotel and restaurant keeper will lose money on their garbage under the workings of this contract, where they before derived a revenue, but if under this plan, the sources of contagion and disease will be more speedily and effectively removed the city was empowered to make this contract."

In the case of State v. Robb, 100 Maine, 180, the 4th paragraph of the syllabus reads:

"A municipal ordinance which by its terms gives the exclusive privilege of collecting and removing all refuse matter constituting house offal or swill, within the city, to a person or persons specially appointed, and which prohibits all other persons from engaging in that business, is not void as creating a monopoly and as being in restraint of trade."

Ordinances with respect to the collection and disposal of garbage have frequently been before the courts, and in no case has the power and propriety of regulation been questioned, although in some cases objectionable features in the method of regulation have been questioned.

The case of In re Lowe, 54 Kan. 757, 39 Pac. 710, 27 L. R. A. 545, is cited in the brief of plaintiff in error as supporting his contention. In that case while it was admitted that monopolies may be upheld when deemed necessary in executing a duty incumbent on the city authorities, or the regulations for the protection of the public health, the court held that an ordinance which gave to scavengers the exclusive privilege of cleaning privy vaults and cess pools, and of removing garbage not only from the streets, but from the private premises of the citizens, and which in terms prohibited the owners from performing these services for themselves, created an unlawful monopoly and was invalid. Later Kansas cases have declined to follow the decision rendered in Re Lowe. See O'Neal v. Harrison, 96 Kan. 339; Kirksey v. Wichita, 163 Kan. 761, 178 Pac. 974.

In the case of O'Neal v. Harrison, supra, the syllabus reads as follows:

"Under a statute giving it power to make regulations to secure the general health, to prevent and remove nuisances, and to compel and regulate the removal of garbage and filth beyond the corporate limits, a city may grant an exclusive right to the highest bidder to remove all garbage, the term being defined in the ordinance authorizing the action, to mean 'all rejected food, offal.' In re Lowe, Petitioner, 54 Kan. 757, 39 Pac. 710, overruled."

In Iler v. Ross (Neb.) 90 N. W. 869, 57 L. R. A. 895, cited by defendant, an ordinance by virtue of which an exclusive contract was given to one person for the removal of all garbage, filth, and other noxious and unwholesome substances, ashes, stable manure, rubbish, and other waste and refuse matter was sustained as to dead animals, garbage and other noxious substances. But it was held that as to ashes, rubbish and other innoxious substances it was invalid.

In the case of Dreyfus et al. v. Boone, 114 S. W. 718, cited by plaintiff in error, the 4th paragraph of the syllabus reads as follows:

"Where the regulation adopted by a city is a valid exercise of the police power, and the business necessarily incident to its enforcement may safely be intrusted to one person, the ordinance providing for the regulation is not invalid on the ground that it creates a monopoly."

In the opinion in the Dreyfus Case, supra, the court said:

"Ordinances of this kind must be reasonable, and, must be directed solely to legitimate regulation of the subject-matter undertaken. They cannot be passed under the guise of police regulations, in order to raise revenue."

This ordinance is not being attacked upon the ground of revenue accruing to the city, and there is nothing in the record of this case that discloses what, if any, revenue results to the city by virtue of any contract made with respect to the removal of garbage. If any revenue is derived by the city, it would be merely incidental to the chief object of protecting the health of the city at the lowest cost consistent with efficient results.

"Upon a review of all the authorities, we conclude that the rule most consonant with authority as well as with reason is, that a city in the exercise of the police power granted to it by the state may, by reasonable ordinance, regulate the collection and disposal of substances within the city, which are of such a condition and of such a character as to be nuisances per se, and deleterious to the public health or comfort, or which are liable to become nuisances and noxious and deleterious, unless immediate care is taken to prevent their becoming so. We think that a city may prevent conditions injurious to health as well as abate them. It does not create an unlawful monopoly, or unlawfully restrain trade to commit the business of collecting and disposing of such substances to one person, and to exclude all others from such business." (State v. Robb, 100 Maine. 193.)

The second contention of plaintiff in error, that the ordinance in question is dis-

criminatory, illegal, and in excess of the police power of the city of Enid to prohibit a business which is not a nuisance per se, it is sufficient to say that the cases relied on to sustain this second contention are the same cases cited by plaintiff in error in support of his first proposition, which cases we are of the opinion are not controlling upon the question raised by the plaintiff in error in this case.

"The constitutional guaranties that no person shall be deprived of life, liberty or property without due process of law, and that no state shall deny to any person within its jurisdiction the equal protection of the laws were not intended to limit the subjects upon which the police power of a state may lawfully be exerted." State v. Robb, 100 Me. 185; Minneapolis Ry. Co. v. Beckwith, 129 U. S. 26; Jones v. Brim, 165 U. S. 180.

In Barbier v. Connolly, 113 U. S. 27, the court used this language:

"But neither the amendment (XIVth)— broad and comprehensive as it is—nor any other amendment, was designed to interfere with the power of the state, sometimes termed its police power, to prescribe regulations to promote the health, peace, morals, education and good order of the people."

See Slaughter-House Cases, 16 Wall, 36. Proper police regulations, though they may disturb the enjoyment of individual rights, are not unconstitutional, though no provision is made for compensation for such disturbances. They do not appropriate private property for public use, but simply regulate its use and enjoyment by the owner. If he suffers injury it is either damnum absque injuria, or in the theory of the law, he is compensated for it by sharing in the general benefit which the regulations are intended and calculated to secure.

A careful examination of the ordinance in question discloses no unreasonable provisions contained therein. We are therefore of opinion that the said ordinance No. 1221, of the city of Enid, Okla., is valid, and that the order of the district judge of Garfield county, sustaining the demurrer and dismissing the action was proper and should be affirmed.

By the Court: It is so ordered.