## CITY OF TULSA v. BISHOP'S RESTAURANT NO. 4.

No. 27110.   Feb. 2, 1937.

Rehearing Denied March 2, 1937.

H. O. Bland, City Atty., Milton W. Hardy and E. M. Gallaher, Asst. City Attys., and Duff & Manatt, for plaintiff in error.

Hickman & Ungerman, amici curiae.

Byron v. Boone, Joe Chambers, and Jack Paden, for defendant in error.

PHELPS, J.   The first question necessary to determine is whether the court of common pleas of Tulsa county has jurisdiction to issue the writ of injunction. That court was created by chapter 51, Session Laws of 1923. Section 1 of that chapter specifically provided that said court should not have jurisdiction to provide purely equitable relief. Section 5 of that chapter specifically provided that said court should not have jurisdiction to issue writs of habeas corpus, quo warranto, ne exeat, mandamus, injunction, or prohibition.

In 1925 the Legislature materially amended those sections. Session Laws 1925, chapter 183. Section 1 was amended so as to make the jurisdiction of that court concurrent with the district court in all civil actions, both law and equity. (where the amount involved does not exceed $2,500); and the provision in the 1923 act preventing that court from entertaining jurisdiction in actions in which the relief sought was purely equitable was removed. Furthermore, whereas the 1923 act had specifically excepted 'the issuance of writs of habeas corpus, mandamus, and injunction from the jurisdiction of such court, the 1925 amendment deleted those words from the prior enactment. Section 5 of chapter 51 of the 1923 act, creating the court, ended in this manner:

"* * * except it shall not have jurisdiction to issue writs of habeas corpus, quo warranto, ne exeat, mandamus, injunction or prohibition."

The 1925 act (S. L. 1925, c. 183, p. 286), amending the above section 5, ends in this manner:

"* * * except that it shall not have jurisdiction to issue writs of quo warranto, ne exeat or prohibition."

It therefore appears that it was the intention of the Legislature in amending the act in 1925 to extend the jurisdiction of the court of common pleas of Tulsa county to issue the writs of habeas corpus, mandamus, and injunction. The original act expressly forbade the exercise of jurisdiction to issue these writs. The later act excepted those writs from the list which had originally been prohibited in that court, and furthermore expressly provided in section 1 that the court should have jurisdiction to try actions in equity. The act as amended now appears in our 1931 Statutes as sections 3933 to 3950.

It is also provided in section 3933, O. S. 1931, that the jurisdiction shall extend to only those cases where the amount involved does not exceed the sum of $2,500, exclusive of interest and costs. There is no evidence in the present record concerning the amount, if any, involved in the action, and no authorities are cited by the plaintiff in error on the question of whether that provision relates to actions for injunctions in that court, and we do not pass on that point.

The injunction was granted by the trial court against the defendant city of Tulsa, enjoining said city from disturbing the plaintiff in the hauling of its hog food through the streets of the municipality. The city has an ordinance prohibiting the hauling of garbage through the streets. The evidence reveals that the plaintiff is the owner of a large restaurant in the city of Tulsa and that in the basement thereof is a specially constructed vat in which the leavings from the dining tables are deposited. These leavings are there mixed with bran and ground oats and corn meal and are stirred until the entire mixture is practically dry, when it is transported by the plaintiff and its

agents, in large tin cans, to a hog farm outside of the city in which the plaintiff has an interest. The mixture, according to the evidence, differs somewhat from ordinary garbage. In all practical respects the question is the same as was involved in the case of Bishop v. City of Tulsa, 21 Okla. Cr. 457, 209 P. 228, involving the same parties. In that case it was held that the hog food, made and compounded by the plaintiff in virtually the same manner as is used in the instant case, was not garbage, and that the garbage ordinance of the municipality did not apply. It was there pointed out that the substance involved is a by-product of material value, and that the right to such by-product, when cared for in a manner such as not to interfere with public or private rights, amounts to a private property right that cannot be abrogated or destroyed by police regulations. That case, as well as this, simply turned upon a question of fact, namely, whether the substance was garbage. We hold that the evidence in the instant case was of a nature to support the finding of the trial court that it was not garbage.

It is pointed out by the municipality that it now has an ordinance defining garbage. Garbage ordinances have been held valid and constitutional (Burns v. City of Enid, 92 Ok'a. 67, 217 P. 1038); but it is because of the fact that such ordinances involve actual garbage and its effect upon the public health and safety that they are held constitutional. If the substance which is being transported through the streets is not garbage in fact, the ordinance cannot constitutionally be held to apply.

It is further urged that injunction will not lie to restrain the enforcement of an ordinance for the arrest of offenders under such ordinance, because of the fact that a complete defense is available in the original proceeding. This contention is only partially correct. Where the subject matter of the particular action is not embraced in the ordinance, and where the repeated criminal prosecutions, if allowed, would destroy property rights and result in irreparable injury, equity will restrain by injunction the prosecution. In the instant case, if the plaintiff were arrested every time it attempted to transport its hog food over the streets, it would never get its hog food delivered, and while awaiting the outcome of the criminal prosecutions, would lose its property. This would be oppressive, confiscatory, and illegal. In this connection see City of Tulsa v. Metropolitan Jewelry Co., 74 Okla. 107, 176 P. 956.

One other proposition is advanced by plaintiff in error; concerning a procedural question, and the authorities cited in support thereof are not applicable to the facts of this case, and it is unnecessary to discuss the proposition.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.