Zimmerman, J.,
 

 dissenting. We agree with the majority of the court that Section 1261-42, General Code, is a valid enactment and does not constitute the delegation of legislative power. The holding could hardly be otherwise in face of the decisions in the cases of Yee
 
 Bow
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 269, 124 N. E., 132, 12 A. L. R., 1424, and
 
 Matz, Admr.,
 
 v. J.
 
 L. Curtis Cartage Co.,
 
 132 Ohio St., 271, 7 N. E. (2d), 220, with which compare
 
 Zangerle, Aud.,
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 563, 572, 41 N. E. (2d), 369, 373. Moreover, in
 
 State
 
 v.
 
 Waller,
 
 143 Ohio St., 409, 55 N. E. (2d), 654, both Sections 1261-26 and 1261-42, General Code, were treated, inferentially at least, as proper enactments.
 

 Section 1261-26, General Code, not quoted in the majority opinion, contains the following statement:
 

 ‘ ‘ The district board of health may also provide for the inspection and abatement of nuisances dangerous to public health or comfort, and may take such steps
 
 *404
 
 as are necessary to protect the public health and to prevent disease.”
 

 "We
 
 cannot agree with the majority of the court that the part of the resolution in issue, which prohibits operations of the kind in which plaintiff engaged, represents the exercise of legislative functions by the board of health, in violation of Section 1, Article II of the Constitution of Ohio.'
 

 It seems to us that this question is settled in favor of the board by the case of
 
 Ex parte Company,
 
 106 Ohio St., 50, 58, 139 N. E., 204, 206, which is not mentioned in the majority opinion and in which it was expressly held:
 

 “That the legislature in the exercise of its Constitutional authority may lawfully confer on boards of health the power to enact sanitary ordinances having the force of law within the districts over which their jurisdiction extends, is not an open question. This power has been repeatedly recognized and affirmed.”
 

 Nor do we think that the resolution under discussion, as it affects the plaintiff, is violative of other constitutional provisions. •
 

 “All authorities agree in holding that garbage in and of itself is a nuisance, and all agree that, in the exercise of the police power, a municipality [board of health] may control the manner of its collection and disposition.”
 
 Board of Health of City of Grand Rapids
 
 v.
 
 Vink,
 
 184 Mich., 688, 697, 151 N. W., 672, 675. See, also,
 
 Earruso
 
 v.
 
 Board of Health,
 
 120 N. J. Law, 463, 200 A., 755.
 

 After many complaints, the board found upon investigation that plaintiff was importing into Butler county large quantities of garbage obtained from hotels and other places in the city of Cincinnati and was dumping and feeding it to numerous swine in a restricted area, resulting in a filthy and insanitary condition.
 

 
 *405
 
 Thereafter, the board decided that the collection- and disposal of garbage in the manner practiced by plaintiff should be forbidden as a safeguard to health and to conserve the public comfort. In the proper exercise of the police power the'board possessed the power by resolution to bar one method of collecting and disposing of garbage, which had proved Offensive- and intolerable, and to authorize another and different method, without being arbitrary, unreasonable or violating the constitutional provisions relating to equal-protection and the taking of property without compensation or due process of law.
 
 State, ex rel. Moock,
 
 v.
 
 City of Cincinnati,
 
 120 Ohio St., 500, 166 N. E., 583, writ of
 
 certiorari
 
 denied, 280 U. S., 578, 74 L. Ed., 628, 50 S. Ct., 31. See, also,
 
 Pantlind v. City of Grand Rapids,
 
 210 Mich., 18, 177 N. W., 302, 15 A. L. R., 280
 
 Burns
 
 v.
 
 City of Enid,
 
 92 Olda., 67, 217 P., 1038;.
 
 Spencer
 
 v.
 
 City of Medford,
 
 129 Ore., 333, 276 P., 1114;
 
 Cornelius v. City of Seattle,
 
 123 Wash., 550, 213 P., 17; 16 Corpus Juris Secundum, 1215, Section 606.
 

 As we view the matter, plaintiff is in no position to-challenge that portion of the resolution which empowers the
 
 health commissioner
 
 to approve or disapprove
 
 “a general system
 
 of collection and disposal of garbage,” for the simple reason that, so far as the record discloses, plaintiff never engaged or attempted to engage in that type of business and is, therefore, not affected by that part of the resolution.
 

 Furthermore, such portion of the resolution accords with the second paragraph of the syllabus in the case of
 
 State, ex rel. Moock,
 
 v.
 
 City of Cincinnati, supra,
 
 not mentioned in the majority opinion, which paragraph of the syllabus reads:
 

 “It was within the province of the city authorities to commit the power of issuing permits for the collection and disposal of garbage upon a designated officer, leaving to him the terms and conditions under
 
 *406
 
 which they should be issued.
 
 Such action on the part of the city does not invest the officer with legislative power.”
 
 (Emphasis ours.)
 

 Neither do we agree with that part of the majority opinion in which it i's suggested that because plaintiff might be prosecuted criminally under Section 12646, General* Code, for maintaining a health nuisance, the board of health may not proscribe his activities by a resolution of the kind adopted. The General Assembly has- invested in boards of health the authority to prevent, abate or suppress nuisances and to “take such steps as are necessary to protect the public health and to prevent disease,” and the fact that the creation or maintenance of a nuisance is also made a misdemeanor by statute does not preclude the boards from functioning. See 46 Corpus Juris, 764, Section 371.
 

 In our opinion the Court of Appeals decided the instant controversy correctly under the facts and upon the application of sound and well settled principles of law, and its judgment should, therefore, be affirmed.
 

 Weygandt, C. J., and Sohngen, J., concur in the foregoing dissenting opinion.