HENRY POHLMAN ET AL. V. EVANGELICAL LUTHERAN TRINITY CHURCH OF CLATONIA PRECINCT, GAGE COUNTY.

FILED JUNE 20, 1900. No. 9,255.

1. **Finding: CONFLICTING EVIDENCE.** A finding based upon conflicting evidence, will not be disturbed on review.

2. **Threatened Continuing Trespass: INJUNCTION.** The destruction of a fence, and threatened repetition thereof by a trespasser as often as the fence should be replaced, entitles the owner to relief by injunction against the invader, even though the latter may not be insolvent.

3. **Description of Land: METES AND BOUNDS.** A definite description of lands in a deed designating the initial point, courses and distances, and followed by a statement of the number of acres conveyed, passes the quantity of land embraced in the specific boundaries, though greater or less than the number of acres stated.

4. **Description in Deed: INTENTION OF PARTIES.** In a suit between others than original parties, the description in a deed, if unambiguous, governs, and the intention of the parties to the conveyance can not take the place of calls.

5. **Possession: TITLE BY PRESCRIPTION: TACKING.** Possession can not be tacked to make out title by prescription where the adverse occupant did not come in under another, and the deed under which the last occupant claims title does not include the land in dispute or show any privity between him and his grantor in regard thereto.

ERROR to the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*Hazlett & Jack,* for plaintiffs in error.

*Griggs, Rinaker & Bibb, contra.*

NORVAL, C. J.

This suit was instituted by the Evangelical Lutheran Trinity Church of Clatonia precinct, Gage county, to enjoin Henry Pohlman and Henry Holsing from entering or trespassing upon certain real estate alleged to belong

to plaintiff, and from destroying the fence around said premises. A temporary injunction was issued, which was made perpetual upon the final hearing of the cause. The defendants prosecute error.

Plaintiff acquired title to the tract by deed of general warranty from the prior owner. It thereafter erected a church building and parsonage on the premises at the cost of several hundred dollars, inclosed the same with a fence, and used and occupied the premises for religious purposes. The defendants assert that the grantor in the deed to plaintiff only intended to convey five acres of land, while a larger tract was actually described in the conveyance. They also claim title to the portion of the premises in excess of five acres by reason of adverse occupany for more than ten years. The testimony, in many respects, was conflicting, in which case the rule is that a finding based thereon will not be disturbed on review.

It is argued that injunction will not lie, as plaintiff had a complete remedy at law to recover damages. It was shown that defendants tore down and destroyed the fence, and threatened to continue doing so as often as plaintiff should restore the same. This threatened continued trespass was sufficient to give a court of equity cognizance of the cause, though the defendants may not be insolvent. *Shaffer v. Stull,* 32 Nebr., 94.

The church claims under a deed from one Paul Bartos, a former owner of the property, in which conveyance the description was by metes and bounds as follows: "Beginning at the southeast corner of the southeast quarter of section thirty (30), town six (6) N., range five (5) east in Gage county thence north four hundred and twenty-five (425) feet thence west one thousand and fifty (1050) feet thence south four hundred and twenty-five (425) feet to the south line of said section, thence along said line one thousand and fifty (1050) feet to the place of beginning, containing five (5) acres more or less." Subsequently Bartos conveyed to Frederic A. Pohlman said southeast quarter of section 30, with the following reser-

vation contained in that deed: "Except five acres more or less of said quarter section, bounded and described as follows: Beginning at the southeast corner of said section (30) thirty, thence north four hundred and twenty-five (425) feet, thence west one thousand and fifty (1050) feet, thence south four hundred and twenty-five (425) feet, to the south line of said section, thence east along said line one thousand and fifty (1050) feet, to the place of beginning, which last described premises have been conveyed to John F. Hobelman, August Vonderfecht and William Schlake, trustees of the Evangelical Lutheran Church." Afterwards, the grantee in the last deed and his wife contracted to convey to Henry Lohmeyer the said southeast quarter of section 30 "except five acres deeded to trustees of the Evangelical Lutheran Church." This bond also stipulated that "It is hereby especially agreed that if more than five acres have been deeded to said Lutheran Church, then said Pohlman and wife will give a rebate to said Lohmeyer for each and every acre and part, above said five acres, at same rate as the consideration in this bond." Thereafter said Pohlman and wife executed a warranty deed to said Lohmeyer for said southeast quarter of section 30, "except ten acres more or less of said quarter section, bounded and described as follows: Beginning at the southeast corner of said section thirty (30), thence north four hundred and twenty-five (425) feet, thence west one thousand and fifty (1050) feet, thence south four hundred twenty-five (425) feet, to the south line of said section, thence east along said line one thousand and fifty (1050) feet, to the place of beginning." .

The defendants claim title through the conveyance from Bartos to Pohlman, and from the latter to Lohmeyer, as well as adverse occupancy for the statutory period of ten years. It will be observed that in these transfers of title the deeds expressly excepted and reserved title to the premises described in the deed, under and through which the plaintiff below claims title. It is

true, in the conveyance from Bartos to the trustees of the church it was specified that the premises conveyed contained five acres, more or less, while the actual description, as written in the deed, was for more than five acres. If this deed only conveyed title to the church for five acres, it is conceded that plaintiff below has no standing in court, since the tract in actual dispute is the excess of five acres. The land being described in the deed to the church by metes and bounds, such description controls, and the church acquired title to the tract embraced in the specific boundaries, though the deed stated that a less number of acres were conveyed. *Silver Creek Cement Corporation v. Union Lime Co.*, 35 N. E. Rep. [Ind.], 125; *Jones v. Webster*, 27 Atl. Rep. [Me.], 105. But it is asserted that the parties only intended to convey five acres of the ground to the church, and evidence was adduced tending to establish the contention. This evidence was wholly incompetent as against plaintiff, since this suit was not between the original parties to the deed. Bartos alone could tender such an issue. This principle was recognized and applied in *Gillespie v. Sawyer*, 15 Nebr., 536. The first two paragraphs of the syllabus of that case are as follows:

"1. In an action between others than the original parties to a deed, the intention of the parties to the conveyance cannot be inquired into for the purpose of ascertaining the land sought to be conveyed, if the calls in the deed refer to fixed monuments or points.

"2. Where there is a call in a deed, which was in fact not intended by the parties, and is unambiguous, the intention of the parties cannot be made to take the place of the call, neither is parol proof competent to locate the land."

The conclusion is, therefore, irresistible that the church acquired title to all the land embraced in the specific description contained in the deed from Bartos to it. The evidence is sufficient to justify the finding that the defendants did not acquire title to the disputed tract by

prescription. Neither of them can tack to the line of his possession that of a former occupant, since the land in controversy was not conveyed to either by the deed of his grantor, but is in express terms excepted from the conveyance. The defendants did not obtain possession through or under a prior occupancy; hence the rule relating to tacking possession can not be invoked. *Stettnische v. Lamb*, 18 Nebr., 619; *Lantry v. Wolff*, 49 Nebr., 374; *Dhein v. Beuscher*, 53 N. W. Rep. [Wis.], 551. Moreover, the evidence shows that the possession of Pohlman was not only interrupted before the expiration of ten years, but that his possession was permissive and not adverse. This prevented the running of the statute. *Roggencamp v. Converse*, 15 Nebr., 105; *Hull v. Chicago, B. & Q. R. Co.*, 21 Nebr., 371; *Johnson v. Butt*, 46 Nebr., 220. The deed from Bartos to Pohlman was executed June 3, 1882, and the record discloses that in May, 1892, the trustees of the church entered upon the land in dispute and surveyed the same, and the fence destroyed by defendants was built with reference to said survey; also, that Pohlman accounted to plaintiff through the preacher for crops raised on the land.

The decree is right and is

AFFIRMED.