No. 22,369.

GEORGE B. MCBROOM, *Appellee*, v. E. S. WILGUS, *Appellant*.

SYLLABUS BY THE COURT.

CONTRACT—*Option to Rent Land—Option Not Exercised—Contract Forfeited—Injunction.* One who has an option to rent farming lands on payment of rent at the beginning of the farm-rental year, March 1, may properly be enjoined from meddling with those lands if he has failed to. give the grantor of the option some notification of his election to farm the lands and has failed to pay the specified rent at the time stipulated in the contract.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed December 11, 1920. Affirmed.

*G. W. Sawyer*, of Liberal, for the appellant.

*G. L. Light*, of Liberal, and *R. H. Loofbourrow*, of Beaver City, Okla., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, as agent and tenant of the owners of some Seward county lands, brought injunction proceedings to restrain the defendant from entering upon and farming certain portions of these lands in the spring of 1918.

In his answer, defendant pleaded a general denial, and set up a lease between plaintiff and defendant, executed June 1,

1917, which specifically covered other lands in the vicinity described as tracts 1, 2 and 3, and prescribed the rental for tract 2 at one dollar per acre payable on March 1 of each year by cash or promissory note. As to the lands in dispute in this lawsuit, the lease provides:

"It is further agreed that in case second party (defendant) is able to handle the same, the first party hereby leases subject to the same conditions as Tract 2 above mentioned, 58 acres cultivated land on the Southeast 13 and 70 acres cultivated land on the Northeast 13, both tracts in twp. 35, range 31, the lease of these last 128 acres to be for the seasons of 1918 and 1919."

Defendant also pleaded that during the year 1917 he was in possession of the other lands covered by the lease, and—

"That defendant prior to the season for preparing and putting in crop prepared to take possession of said premises, and was ready and able to handle the same, as plaintiff well knew, and defendant alleges, that in due season, he entered into possession of said 128-acre tract in accordance with the rights and privileges expressed in said contract and is rightfully entitled to possession thereof. That defendant has not waived or abandoned his rights to said tract of 128 acres, but has entered into possession and carried out his part of the agreement in good faith up until the commencement of this suit; that he is ready, able and willing to further carry out the terms of said contract, and hereby offers to pay the rental thereon, and hereby tenders into court for the benefit of the plaintiff the rental therefor, to be paid to said plaintiff in the manner and on the terms of the contract as determined by the court."

Plaintiff's action was filed and temporary restraining order issued on March 13, 1918. Prior thereto, on March 5, 1918, plaintiff notified defendant that as the latter had not elected to take and farm the lands in dispute, and the time for him to elect to do so under the terms of the lease had expired, the option to handle these lands was canceled.

The trial court gave judgment for plaintiff on the pleadings, and this is the principal assignment of error.

Defendant's answer was filed March 18, 1918. That answer pleaded all the material facts requisite to a determination of the controversy. The answer set up the lease. The lease did not contain an unqualified grant of the premises in dispute. It merely provided that if the defendant was able to handle the land in dispute (presumably if he should manage to provide himself with sufficient farming equipment and labor) he should also have the right to farm these additional lands. It

provided also that he was to pay rent for these additional lands on the same terms as he was paying on tract No. 2, which was one dollar per acre in cash or promissory notes due March 1, 1918. While defendant pleaded that on the day he filed his answer, March 18, 1918, he was ready, able and willing to carry out the terms of the contract and "hereby offers to pay the rental thereon," there is no allegation that at or before the beginning of the rental year, March 1, 1918 (Gen. Stat. 1915, § 5961), he had notified plaintiff that he elected to exercise the option, and that within time he had paid or tendered payment for the rent due on March 1, 1918.

In determining the propriety of a motion for judgment on the pleadings, a most liberal construction is to be given to the pleadings against which the motion is levelled; but even so, the want of these allegations of timely *election* and timely *payment* clearly disclosed that the defendant had stated no defense. He never had a lease on these particular lands; he had only an option to lease them. He could only exercise that option by some affirmative action brought to the knowledge of plaintiff and by payment of the rent by cash or note on or before March 1, 1918. When the first of March came around, and neither notification of election nor payment of rent was forthcoming, plaintiff was entirely within his rights in making other arrangements for cropping the land during the season of 1918.

That defendant also pleaded a general denial is of no consequence since its effect was entirely overthrown by the subsequent statements in the answer, which pleaded all the requisite and material facts on which to base a judgment. (*Cobe v. Coughlin*, 83 Kan. 522, 112 Pac. 115. See, also, *Thresher Co. v. Nelson*, 106 Kan. 716, 189 Pac. 907.)

There was no ambiguity in the contract, nor is anything further disclosed in this case which would justify discussion.

The judgment is affirmed.