KITTRELL v. ANGELO.

Opinion delivered April 19, 1926.

SEWERS—RIGHT TO CONNECT WITH PRIVATE SEWER.—Where plaintiff and W. jointly built a private sewer, and W., without plaintiff's consent, permitted defendant to make connection with the sewer, which thereby became overloaded, *held* that W. had no authority to permit such connection, and plaintiff was entitled to an injunction.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins*, Chancellor; reversed.

*W. J. Dungan*, for appellant.

McCULLOCH, C. J. During the year 1910 appellant and T. D. Wilkes, being residents of the town of Augusta, in Woodruff County, and the respective owners of their own homes, built a private sewer across their own prop-

erties, beginning at appellant's dwelling house, where the water fixtures were attached. The pipes ran a distance of about two blocks. Afterwards they permitted four other owners of adjoining property to connect with the sewer, upon the payment by each of them of the sum of twenty-five dollars. In April, 1924, appellant discovered that appellees (three of them), who were property owners in the vicinity, had also connected with the sewer and were using it without appellant's knowledge or consent, and he instituted this action to restrain them from so doing and to compel them to disconnect. On the hearing of the cause the court rendered a decree restraining appellees from permitting any one else to connect with the sewer, but dismissed appellant's complaint as to the further relief of compelling appellees to disconnect from the sewer.

The facts were brought out on the trial of the case as to the manner in which the sewer had been constructed and the purposes thereof. Appellant testified that he and Wilkes constructed the sewer at their own expense and for their own use, but agreed that, if the owners of other property in the vicinity wanted to join, they would consult about it, and, if satisfactory, permit them to do so on the payment of a price, and that, pursuant to that arrangement, they had jointly agreed to permit four other users to connect. But appellant testified that he had never agreed for appellees to connect with the sewer and had no knowledge of it until after he found that they had made connection and were using the sewer. He testified further that the additional connection resulted in overloading the sewer, and that this constituted a nuisance by reason of the noxious gases that arose when the sewer overflowed. One of the appellees testified that he made an arrangement with Wilkes for the privilege of connecting with the sewer, and paid the latter twenty-five dollars for the privilege. There is practically no dispute as to the facts, and the decision turns upon the question of the authority of Wilkes to grant the privilege to appellees to connect with the sewer. This depends

upon the relation existing between appellant and Wilkes as to the ownership of the property—whether they were mere common owners or were copartners.

The evidence is sufficient to show that the overloading of the sewer constituted a nuisance, but, even without that element in the case, if appellees made the connection without authority they were, in so doing, invading the rights of appellant, and should be restrained, as there is no other remedy available. Our conclusion is that appellant and Wilkes were not copartners. There were no elements of copartnership involved in the construction and use of the sewer. *Harris* v. *Umsted,* 79 Ark. 499. The sewer was constructed, not for profit, but for private use of the owners. The fact that they permitted others to join in the use of the sewer was not for the purpose of operating the business at a profit, but was a mere incident to the ownership of the sewer. Wilkes had no authority to grant the privilege to appellees without the consent of appellant. The chancellor erred therefore in refusing to give appellant the relief to which he was entitled.

The decree is reversed, and the cause remanded with directions to enter a decree in favor of appellant.