No. 28,090.

A. E. HAWES, *Appellant,* v. J. A. STARLIPER, *Appellee.*

(267 Pac. 17.)

Opinion filed May 5, 1928.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellant.

*F. O. Rindom,* of Liberal, and *C. G. Dennis,* of Sublette, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a purchaser of land to recover possession from a tenant under a lease providing for surrender in case of sale. Judgment was rendered for defendant, and plaintiff appeals.

The lease was for a term of five years, beginning August 1, 1925, and contained the following provision:

"This lease is made subject to the sale of the premises, and in case of a sale, the purchaser desiring possession, the lessor or purchaser will be entitled to possession on these terms: Where the land is rented for a money rental,

by returning to the lessee a sum in proportion to the whole as shall equal the unexpired time of the term; and where land is rented for grain rent, the amount to be paid for possession will be estimated by three men, one to be chosen by the lessor, one by the lessee, and the third by these two."

The lessor sold to plaintiff on November 3, 1926, and plaintiff received his deed on December 18, 1926. . At the time of sale plaintiff took an assignment of the lease. Defendant learned of the sale some thirty days later. In the latter part of February, 1927, plaintiff gave defendant permission to plant spring corps. On April 16, 1927, plaintiff served written notice on defendant that plaintiff had purchased the land, and desired possession August 1, 1927. The court returned the following finding of fact:

"That on or about June 20, 1927, defendant Starliper called at plaintiff's residence in Pawnee county, and discussed the matter of arbitrating, as provided by section 8 of the lease. In this discussion they agreed to arbitrate, but did not fix a time or place in such agreement, except that plaintiff requested it to be on that day or the 21st or 22d, the 22d being conditional as to whether or not plaintiff would be in his harvest. The defendant being on his way to St. John, was not agreeable to that day, and on the evening of the same day he caused notice to be sent to plaintiff's home by telephone that he would be at the farm on the 21st (being Tuesday) and on the 22d (being Wednesday), for the purpose of arbitrating. The plaintiff testified that he did not receive the notice until Wednesday morning, the 22d; and that he took no steps or made no effort to go to defendant's place until the 19th of July following."

Plaintiff testified that, in discussing arbitration on June 20, he told defendant harvest was at hand, and arbitration must be had quickly, if it occurred before harvest. Plaintiff testified further that it was impossible for him to go to the farm on Wednesday, because he had commenced harvesting, and had considerable harvesting to do. When plaintiff went to the farm on July 19 to arrange for arbitration, defendant said it was too late. Defendant testified his farming operations were mainly the raising of wheat; that he had some barley, kafir corn, feed, and pasture, but wheat was all he was interested in. In renting land for wheat, arrangements are usually made about the first of June. It will be recalled that notice was given in April. Wheat harvest was over on July 19, and plaintiff named August 1 as the date for surrender. The lease indicates August 1 is the date for beginning of wheat-land leases.

The court based its judgment on two grounds. First, the lease required plaintiff to express his desire for possession within a rea-

sonable time after purchase, and he did not do so; second, there was no binding agreement to arbitrate. Assuming but not deciding that plaintiff should have exercised his privilege to acquire possession earlier, defendant made no objection whatever to the time when the privilege was exercised, acquiesced in the terms of the notice of April 16 and, pursuant to the notice, called at plaintiff's residence and agreed to arbitrate. No new agreement to arbitrate was necessary. The lease provided for arbitration, and the provision was not nullified because the parties failed to bring about arbitration in June. All that was essential was that the arbitration and the award be performed by August 1.

The proceedings in the district court consisted of an appealed action of forcible detention and an action of injunction in aid of the possessory action. The two actions were tried together, and together they presented everything essential to an equitable suit for recovery of land and for ancillary relief. In his pleading plaintiff offered to perform all the conditions of the lease on his part. Arbitration having failed, the court should have determined the amount plaintiff should pay, or should have provided for such determination, and should have rendered judgment for delivery of possession on payment of the amount.

The judgment of the district court is reversed, and the cause is remanded for further proceedings in accordance with the views which have been expressed.