No. 28,690.

J. H. THARP, *Appellant*, v. AUGUST SIEVERLING et al., *Appellees.*

(276 Pac. 821.)

Opinion filed May 4, 1929.

*F. Dumont Smith,* of Hutchinson, *George W. Finney* and *Roscoe E. Peterson,* both of Larned, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   The defendants, August Sieverling and his wife, conveyed a tract of land to the Fontron Loan and Trust Company.   On November 20, 1926, in connection with the sale of the transfer, that company executed and delivered to the Sieverlings an option contract to the effect that if they would pay the company $1,500 in three annual payments, on October 1, 1927, 1928 and 1929, and also pay the interest on the $10,000 mortgage held by that company on the land when it became due, and would pay all taxes thereon when due, the company would convey the land back to the Sieverlings.   They failed to make the required payments, and by mutual agreement surrendered the option contract on December 13, 1927.   Then they leased the land from the company for a term ending August 1, 1928.   It was alleged that the lease expired and the right of possession under the tenancy ceased on that date.   On June 12, 1928, the company conveyed the land by deed of general warranty to the plaintiff, J. H. Tharp.   He afterwards brought this

action against the Sieverlings, alleging that notwithstanding the expiration of the lease, defendants had refused to permit him to cultivate the land; that he desired to plow and prepare the land for fall seeding, and that he would be greatly damaged by being kept out of its possession. He alleged that he has no adequate remedy at law, as the damages that will result will be so speculative and uncertain as to be incapable of ascertainment, and further, that the financial condition of defendants is such that it would be impossible to recover any damages from them. He therefore prayed for an injunction restraining defendants from continuing their farming operations and from interfering with plaintiff in preparing the land for cropping.

On the filing of plaintiff's petition, the probate court, in the absence of the district judge, heard the application and found that plaintiff was entitled to a temporary injunction, and an order was issued enjoining the defendants from all farming operations and from interfering with the plaintiff in cultivating and seeding the land. No order was made as to the occupancy of the buildings on the farm by the defendants. The order of injunction was issued on condition that a bond of a fixed amount be given and the plaintiff complied with this order. Later a motion was made by defendants to set aside the injunction, and upon the petition the court dissolved the injunction and at the same time stayed the effect of the order until a proposed appeal to this court be determined.

An appeal was taken by plaintiff, and the question for determination is whether injunction will lie to prevent defendants from trespassing on the land and excluding plaintiff from going upon it in time to put in his fall crop.

Plaintiff recognizes the general rule that a court of equity will not restrain a naked trespass where there is an adequate and complete remedy at law; but he insists that if the trespass and injury are irreparable in kind, the legal remedy inadequate in that the damages claimed can only be measured by conjecture and not by any pecuniary standard, that the trespasser is insolvent and therefore not able to respond in damages for the trespass or threatened injury, a court of equity may grant injunctive relief. These elements being pleaded, plaintiff contends he was entitled to an injunction.

The fact that an action at law may be maintained to recover damages for a trespass does not preclude the granting of an injunction if the remedy at law is inadequate. It is said that—

"It is well settled that if the bill shows that irreparable injury will result from a trespass, a sufficient ground for the interference of equity by injunction to restrain its commission or continuance, is made out. Where the injury is of such a nature that it cannot be fully compensated in damages or cannot be measured by any certain pecuniary standard, it is irreparable and the trespass may be enjoined." (32 C. J. 135.)

In an action where a trespasser, who was insolvent, had gone into possession of land and was interfering with flocks of sheep rightly grazing there, and where he by one means and another was preventing them from grazing on the premises, an action for damages was deemed to be inadequate and it was held that equity will interfere and afford relief by injunction. (*Webster v. Cooke,* 23 Kan. 637.) Similarly, it has been ruled that—

"Injunction will lie to prevent a trespass where the acts complained of are continuous, or where the injuries occasioned thereby are of such a character that they cannot be compensated by any ordinary standard of value, or when for any reason the remedy at law would be inadequate." (*Mendenhall v. School District,* 76 Kan. 173, syl. ¶ 2, 90 Pac. 773.)

In that case it was held that where the trespass is a continuing one and damages would not compensate, and the trespasser is insolvent or for other reasons an action at law is not adequate, that is, not complete, efficient and prompt as a remedy in equity, injunction will lie. Likewise it has been held that a continuing trespass on land which threatens irreparable damage may be enjoined and as against such a wrong a remedy at law is inadequate. (*Gano v. Cunningham,* 88 Kan. 300, 128 Pac. 372.)

In *McBroom v. Wilgus,* 108 Kan. 14, 193 Pac. 1068, an owner had leased land to a tenant for a fixed time, and the lease provided that the tenant might have an option to extend the lease for one year if exercised within a certain period. The tenant failed to exercise the option, and after the lease had expired the owner desired and undertook to put in crops on the land in season, but the tenant declined to allow him to do so or to proceed with the cultivation of the land. It was held that the owner was within his right in insisting on planting the crop in season and was entitled to an injunction preventing the tenant from meddling with the land. See, also, *Hawes v. Starliper,* 126 Kan. 150, 267 Pac. 17.

Here a willful trespass of a continuing kind was alleged. The planting of the crop in season was a matter of great importance to plaintiff. The time for planting had arrived and defendants without right were preventing plaintiff from taking the necessary steps for

cropping the land. Unless crops are planted in season there can be little if any harvest. The result will be that the land will be idle for a year and thus there will be the added element of waste. Any action to recover damages for the injury would not be adequate. It would be difficult to estimate the damages resulting from the loss of crops and the interference with plaintiff's use of the land. The damages of necessity would be speculative in nature and would be incapable of certain ascertainment. Who can measure the damages which would result from the loss of a crop, considering the dangers of drought, flood, frost, hail and wind, in a particular section of the state? If the conditions should be favorable the crop might be abundant, and if adverse there might be little if any return. Besides the deprivation of the use of the land for a period, an action for damages for the injuries would have been fruitless because of the insolvency of the defendants. An action for damages was clearly inadequate, and plaintiff was therefore entitled to resort to equity in the first instance, and the court erred in denying him injunctive relief.

The judgment is reversed and the cause remanded for further proceedings.