(128 So. 378)

## JONES v. KING et al.
### 4 Div. 495.

Supreme Court of Alabama.
May 15, 1930.

W. H. Merrill, of Eufaula, for appellant.

Chauncey Sparks, of Eufaula, and T. S. Frazer and L. M. Moseley, both of Union Springs, for appellees.

### ANDERSON, C. J.

The lease between Jones and King was for a period of one year, to wit, from August 23, 1926, to August 23, 1927; but it contained the following clause: "The party of the first part herein gives the party of the second part the option for an extension of this lease upon same terms of rental, for a period of five (5) years from the date of expiration hereof, without further writing." This was unquestionably a right to extend rather than a right to renew, and a notification by party of the second part during the first year of the desire to extend the same for the next five years would have operated as an exercise of the option and the extension of the lease. Feidelson v. Piggly Wiggly Ala. Co. (Ala. Sup.) 127 So. 516,[1] and authorities there cited. In order, however, to accomplish the extension as per the terms of the lease, Jones should have done so for the term of five years instead of for just the next succeeding year so there was no extension of the lease for five years. Both parties, however, seem to have treated it as authorizing an extension from year to year, as Jones's offer and tender of the rent was accepted by King for the years 1927 to 1928 and 1928 to 1929 and the pivotal question now involved is whether or not there was an extension from August, 1929, to August, 1930. Jones notified King of his desire to keep the land for another year and tendered the rent covering said period, which was accepted by King, June 20th, and who did not at the time decline the rent or the offer of extension, but did attempt on the 29th, nine days thereafter, to return the rent and reject the offer of extension. There can be no doubt that King accepted the rent, whether as a check or money, and did not return what he received, but returned the same by way of a check of the Midway Bank, thus showing that he had accepted and used the rent as tendered by Jones. Nor does it appear that when he received and accepted the rent June the 20th he claimed that the land had already been rented to Banks.

We do not think that the proof in this case shows that Banks was an innocent renter without notice. True, King and Banks both say that the former informed the latter that Jones's lease had expired and had not been extended for August, 1929, to August, 1930, but Banks knew that Jones was in possession and was claiming to have leased the hunting privilege for six years. It may be that the particular tract of land as to which Jones and Banks had some disagreement was not one of the places in question, but Banks was informed and knew that Jones was in possession of the land in question and was claiming a long time lease on same, and inquiry made to Jones or his agent would have disclosed the former's claim. Moreover, the lease from King to Banks was made June the 20th, the very day Jones exercised the option and King received the rent, and there is nothing to show that King executed the lease to Banks before he accepted the rent from Jones. Had this been the case, it is strange he accepted the rent and did not at the time notify Jones's agent, Jinks, that the land had been rented to Banks.

"One who owns a hunting privilege, whether by virtue of the ownership of the land on which the game is found, or as lessee of exclusive hunting privileges on the land, * * * will be protected in this right by injunction against continuing trespasses which interfere with or destroy this right; and especially is this so where large sums of money have been spent to preserve it for hunting purposes." 32 C. J. page 149.

The bill avers, and the proof shows, that Banks had posted the land, which was a trespass, and that he was expecting or threatening to interfere with complainant's hunting privileges and to inflict damages upon him which would be most difficult of ascertainment by repeated actions at law. Tidwell v. Hitt. 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232, wherein the court has adopted the modern rule and departed, to some extent, from some of the early cases.

The trial court erred in dissolving the injunction, and the decree of the circuit court is reversed, and one is here rendered reinstating said injunction.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

---

[1] Ante, p. 81.