141 So. 638

## ALEXANDER v. HILL.

### 8 Div. 366.

Supreme Court of Alabama.

April 14, 1932.

Rehearing Denied May 26, 1932.

672

Chenault & Downing, of Moulton, for appellant.

T. C. Almon and Lynne & Lynne, all of Decatur, for appellee.

THOMAS, J.

The suit was for injunction, and was dissolved on motion.

The motion to dissolve the injunction against the threatened trespass was improperly granted. The cases cited are different in that there was no question of insolvency of the defendant, as is averred in the instant bill. The authorities adverted to are: Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232, timber cutting case, as are also H. H. Hitt Lumber Co. v. Cullman Property Co., 189 Ala. 16, 66 So. 720, and Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574; Acker v. Green, 216 Ala. 445, 113 So. 411, timber cutting and erection of a mill; Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129, removing standing timber; Woodstock Operating Corporation v. Quinn, 201 Ala. 681, 79 So. 253, throwing rocks on the lands of another; Mobile County v. Knapp, 200 Ala. 114, 75 So. 881,

constructing roads over another's land; Jones v. King, 221 Ala. 179, 128 So. 378, destruction of hunting privileges and a continuing trespass; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559.

The court is of opinion that there was reversible error in the ruling of the trial court, for that the averments in paragraphs 4 and 5 of the bill as amended are sufficient and set up the insolvency of the defendant; and that the complainant has no adequate remedy at law by way of redress, as to the wrongs complained of.

The judgment of the circuit court, in equity,. is therefore reversed and one here rendered reinstating the injunction.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.