43 So.2d 8

**KEENER et al. v. BRICE.**

**7 Div. 976.**

Supreme Court of Alabama.

Nov. 25, 1949.

Ross Blackmon, Anniston, and William C. Irby, Jr., Jacksonville, for appellee.

Knox, Liles, Jones & Woolf, of Anniston, for appellants.

LIVINGSTON, Justice.

The original bill of complaint in this cause was filed by Mrs. W. R. Brice against Mrs. Buna C. Keener and Mary Otelia Keener, seeking an injunction restraining respondents from closing or obstructing an alleged public alley. The case turns on whether or not a strip of land twelve feet wide and ninety feet long is a public alley in the city of Anniston, Alabama. A map or plat of the alleged alleyway, not drawn to scale, is here in-

serted for a better understanding of the opinion.

of this alley has continuously existed for a long period of time; to wit, approxi-

The fourth paragraph of the original bill is as follows: "Complainant avers that heretofore, to wit, on the 25th day of March, 1913, a public alley was established and created running East and West between the East end of complainant's property and that now owned by Miss Ruth Neeley, said Neeley lot lying next East of the respondents' lot and next south of the south line of the alley involved in this suit, said alley being of the approximate width of twelve feet and beginning immediately to the rear of the respondents' said lot. Complainant avers that said alley is a public alley and constitutes as such a part of the highway system of the said City of Anniston. She avers that the status

mately 34 years, next preceeding the filing of this bill of complaint."

By amendment, the complainant alleged that "she has been in the open, notorious, continuous, and adverse use of said alleyway for a period of ten and twenty years respectively next preceding the filing of her bill of complaint in this cause, asserting and claiming the bona fide right to make use of said alleyway independent of any objection on the part of any person or persons asserting title to said alleyway to her exclusion. She further avers that her right to use said alley as above set forth has never been contested or disputed by any of her coterminous owners except the respondent, and that said respondent and

98

her predecessors in title never made any objection to her right to use said alley until more than twenty years after her continuous use of same as herein above set forth."

Neither the bill as originally filed nor the bill as amended was tested by demurrer.

Respondents answered and, in substance, claimed ownership of the strip of land in question; denied that it was a public alley; made their answer a cross-bill and prayed that the court decree title to said strip in respondents, and that complainant and cross-respondent be enjoined from entering and trespassing upon the property of cross-complainants.

The trial court heard the evidence ore tenus and entered a decree to the effect that the strip of land involved had been used by the general public as an alleyway for more than twenty years prior to the filing of the bill of complaint and declared it to be a public alley. Further, the trial court dismissed respondents' cross-bill and perpetually enjoined them from obstructing the use of said strip of land as a public alley.

The record title to the strip of land in question, so far as this record shows, is and has been since 1916 in respondents and their predecessors in title.

 "The rule established by the majority of American courts, though stated in varying forms, appears to be that, upon its appearing that a servitude has been enjoyed during the period required for prescription, openly, continuously and uninterruptedly, a presumption arises, in the absence of any other explanation, that the user was adverse and under a claim of right. The burden is then upon the owner of the soil to show that the use was permissive or otherwise that it was not adverse. See the annotation to the case of Zollinger v. Frank, 110 Utah 514, 175 P.2d 714, in 170 A.L.R. 770, 776, 779.

"Such is the rule in this jurisdiction as to the uninterrupted user by the general public of a roadway over *reclaimed lands,* for a period of twenty years or more.

Locklin v. Tucker, 208 Ala. 155, 93 So. 896 (wherein conflicts were recognized and some holdings overruled); Newell v. Dempsey, 219 Ala. 634, 122 So. 881; Scruggs v. Beason et al., 246 Ala. 405, 20 So.2d 774." West v. West,[1] 40 So.2d 873, 874. See, also, Ritter v. Hewitt, 236 Ala. 205, 181 So. 289; Parker v. Fuller, 248 Ala. 457, 28 So.2d 207.

Here the testimony is in conflict as to the matter of user, some of it tending to establish a public user and some of it denying such user. It would serve no good purpose to set it out. We have examined all of the testimony with care and after indulging the usual presumptions which prevail in cases where the trial court hears the evidence ore tenus, we are unwilling to say that there was error in the decree rendered, and it will accordingly be affirmed.

Affirmed.

BROWN, LAWSON, and SIMPSON, JJ., concur.