82 So.2d 230

**Edgar WILLIAMS et al.**

**v.**

**John W. STILL et al.**

**5 Div. 597.**

Supreme Court of Alabama.

Aug. 18, 1955.

John W. Johnson, Jr., Lanett, for appellants.

Chas. S. Moon, LaFayette, for appellees.

MERRILL, Justice.

Appeal from an interlocutory decree overruling demurrer to bill of complaint. The bill seeks to restrain and enjoin the pollution of a stream which runs through complainants' pasture, and damages resulting from the emptying of gasoline, oil, grease and other substances from a filling station sewer into the stream, whereby "said water is rendered unfit for use, the water is made oily and greasy and noxious, unsanitary and unfit, or unwholesome for cattle to drink, and for domestic use, and depriving complainants of the lawful use of their property."

Appellants first argue that there is no equity in the bill. The principle is well established that " ' "a bill without equity will not support an injunction of any character under any circumstances" ' ", Kimbrough v. Hardison, Ala., 81 So.2d 606, 609;[1] but the bill here follows closely that set out in Elmore v. Ingalls, 245 Ala. 481, 17 So.2d 674, which we held good as against demurrer, and measured by the rules laid down in that case, it states a cause of action and contains equity.

It is next argued that the bill of complaint "avers the opinions and conclusions of the pleader and not facts that are necessary to give equity to the bill." In our recent case of Birmingham Trust Nat. Bank v. Garth, ante, p. 119, 81 So.2d 590, 593, we quoted Stone, J., on the requirements of equity pleading as follows:

" ' "Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. * * *" ' "

The bill before us meets these requirements. On the basis of the allegations it can be perceived and affirmed that complainants are entitled to the relief prayed.

Appellants argue that the complaint is demurrable because it "in no wise alleges that the appellees will sustain any irreparable injury on account of the alleged acts of the respondents."

An allegation that the injury will be irreparable is not necessary. In the case of Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574, 577, the court did say, "The injury must be both imminent and irreparable in a court of law", but also said, "It is not sufficient to allege, as a conclusion only of the pleader, that the danger is imminent, and that injury will occur and be of the requisite character to warrant the extraordinary process. Mere averments that damages will be irreparable, * * * are not sufficient for injunction, * * *; the facts should be averred."

It should also be noted that there was no averment in Elmore v. Ingalls, supra, that the pollution of the stream would

216

cause irreparable injury, but the facts averred show, as in the instant case, that irreparable injury would result.

Finally, appellants argue that the bill "no where alleges that the alleged injury is a recurring and continuing one." Paragraph 6 of the bill adequately alleges facts showing the acts to be continuous and recurring, following the exact language of Paragraph 7 of the bill in the Elmore case, supra [245 Ala. 481, 17 So.2d 677], "that said respondents are now maintaining and have continuously maintained" etc., and paragraph 8 of the bill states that respondents have refused "to alleviate the wrongs complained of."

The demurrer was properly overruled and the decree of the trial court is affirmed.

Affirmed.

LAWSON, STAKELY, GOODWYN and MAYFIELD, JJ., concur.