87 So.2d 867

Shelley **T. LEWIS**

v.

Herman **C. HICKS.**

4 Div. 780.

Supreme Court of Alabama.

May 10, 1956.

Rehearing Denied June 14, 1956.

J. Hubert Farmer, Dothan, for appellant.

Halstead & Whiddon, Headland, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the circuit court denying a motion to dissolve a temporary injunction.

Upon the petition of Herman C. Hicks, appellee here, the court issued a temporary injunction enjoining Shelley T. Lewis from interfering ` with Herman C. Hicks and Hicks' tenants in and about the possession of, and the growing, cultivating and marketing of crops on, the land described in the petition. Lewis filed a motion to dissolve the injunction, in which he denied all the material allegations of the bill, and alleged that he was in the possession of the land under a share-crop agreement with the petitioner, Hicks. A hearing was had ore tenus by the court, and as a result of this hearing the decree from which this appeal is taken was entered. The only error assigned is that the court erred in failing to dissolve the temporary injunction.

Appellant contends that the motion should have been granted on one of two grounds; viz., appellee was not in possession, or if he were in possession, he had an adequate remedy at law.

It appears from the evidence introduced by appellee that the land in question was owned by appellee, and that appellee traded with appellant to cultivate the lands in 1953 on a share-cropper basis, under terms commonly referred to as the new way on halves. Appellant cultivated the land in 1953, and in November of that year, appellee notified him that he would not trade with appellant for cultivation of the land in 1954. In December of 1953, appellee contracted with J. C. Wright, R. L. Peterson and Stewart Shirley for cultivation of the land on a share-cropper basis, and in January of 1954, these three men began preparation of the soil for planting a crop. Appellant had never lived on the land, but J. C. Wright lived on it in 1953 and was still living on it in 1954.

Appellant went to appellee in 1954 and told him that he intended to cultivate the land in 1954, and if necessary would make bond to hold the land. At this time, he was again informed that appellee had made other arrangements for the cultivation of the land. Later appellant went to the farm in question and drove J. C. Wright out of a field in which he was working, and on two occasions threatened R. L. Peterson with violence if he did not get out of the field and stay out. Thereupon, appellee applied for a temporary injunction which was issued by the court enjoining appellant from interfering with appellee and his tenants in and about the possession of, and the growing, cultivation and marketing of crops from, the subject lands.

The appellant admitted that appellee was the owner of the lands, but introduced evidence tending to show that appellant was in possession of the land and that he was entitled to possession under an agreement with appellee. He contends that since he was in possession, appellee's remedy is at law in an action of ejectment.

The trial court apparently found in favor of the appellee on the question of possession, and, the evidence being in con-

**442**

flict, we will not disturb his finding. Keener v. Brice, 253 Ala. 95, 43 So.2d 8; Turner v. Johnson, 246 Ala. 114, 19 So.2d 397; Hollingsworth v. Rutledge, 236 Ala. 497, 183 So. 656.

The landlord is entitled to an action against one who interferes with his tenants so as to disturb their enjoyment and thereby cause loss of rent to the landlord. Goodell v. Lassen, 69 Ill. 145; Sandlin v. Coyle, 143 La. 121, 78 So. 261, L.R.A. 1918D, 389.

But a landlord is not confined to an action at law to recover damages for the interference with the growing of a crop where the interference is accompanied by repeated trespasses on the land where the crops are being grown. There being no question of disputed title, or at least that equitable relief is not barred on that ground, injunction is the proper remedy to restrain repeated trespasses where the remedy at law is inadequate because of the nature of the injury or because of the necessity of multiplicity of actions to obtain redress. Town of York v. McAlpin, 232 Ala. 158, 167 So. 539; Woodstock Operating Corp. v. Quinn, 201 Ala. 681, 79 So. 253; Caples v. Young, 206 Ala. 282, 89 So. 460; Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L.R.A.1917C, 232. See also cases cited in Notes, 32 A.L.R. at page 466. See Kernan v. Humble, 51 La. Ann. 389, 25 So. 431, where it was shown that a crowd of men had come on the landowner's land and threatened his tenants with violence, which action resulted in some of the tenants, who were paying rent with a portion of the crop, leaving the land and the landowner having great difficulty in securing tenants to farm the land. In that case, the Supreme Court of Louisiana held that the landowner was entitled to an injunction to prevent further similar action by the members of the crowd.

We are cited to no decision of this court, nor has our search revealed one, to the effect that equity will enjoin the interference with the cultivation of land and the growing of crops on the ground that the remedy at law is inadequate. Other jurisdictions have so held. See Colliton v. Oxborough, 86 Minn. 361, 90 N.W. 793; Sunderland v. Bishop, 100 Okl. 54, 227 P. 398; Tharp v. Sieverling, 128 Kan. 235, 276 P. 821. But where the interference is accompanied by repeated trespasses on the lands in question, we doubt not that injunction is a proper remedy.

We conclude that the appellee was entitled to an injunction to prevent repeated trespasses by the appellant which would result in appellee's tenants being unable to properly cultivate the land and thereby cause loss of rent to appellee.

The decree of the circuit court is affirmed.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.