108 So.2d 837

Isaac GREEN et al.

v.

MUTUAL STEEL COMPANY, Inc.

6 Div. 288.

Supreme Court of Alabama.

Jan. 15, 1959.

Rehearing Denied Feb. 19, 1959.

Silberman & Silberman and Victor H. Smith, Birmingham, for appellants.

Kingman C. Shelburne, Birmingham, for appellee.

650

LAWSON, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity.

■ The bill prays for injunctive relief, temporary and permanent. Grounds of demurrer were addressed to the bill as a whole and to "that part or phase of said bill which seeks a temporary injunction." The decree of the trial court is general, no reference being made therein to the so-called aspect or phase to which grounds of demurrer were addressed. Under our holding in the case of Rowe v. Rowe, 256 Ala. 491, 55 So. 2d 749, our review is limited to those grounds of the demurrer addressed to the bill as a whole which are argued in brief of appellant. Mangham v. Mangham, 264 Ala. 354, 87 So.2d 818, and cases cited.

The argued grounds of the demurrer addressed to the bill as a whole are all to the same effect, i. e., there is no equity in the bill in that it appears therefrom that the complainant has an adequate remedy at law.

The bill alleges that complainant owns and is in possession of certain described real property situate in the "Bessemer Cut-off" in Jefferson County, which real property is generally referred to in the bill as "Lot 22."

The material averments of the bill are as hereafter set out:

"2. * * *

"That your complainant is engaged in the business of fabricating steel and steel products in said plant located on said Lot 22 and is in the process of having erected around said Lot 22 a steel fence, six feet in height; that a portion of said fence has already been erected around said property of the complainant and the erection of the remainder of such fence is now going on apace.

"3. That the respondents named above and other persons unknown to the complainant, have trespassed or are threatening to trespass upon said real estate of the complainant on the easterly side of said property and physically stop the erection of said fence by sitting down upon the boundary line of said Lot 22 and thereby preventing the complainant from erecting said fence along such portion of the boundary line;

"4. That unless the respondents are restrained by this honorable Court from continuing to trespass on said real estate and from carrying out their threats to prevent the erection of said fence along the boundary line thereof, your complainant will suffer irreparable injuries and damage in this: The portion of the fence already erected upon the boundary line of said real estate will be rendered valueless and complainant will be prevented from protecting its plant and products, inventory and supplies located thereon from theft or other loss or damage."

■ This court is committed to the equitable right of injunction by the owner of land in possession when the trespass consists in the destruction of the substance of a material portion of that which is its chief value, or trespass is of a continuous or repeated nature, so that actions at law would be inadequate. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559, and cases cited. There being no question of disputed title, or at least that equitable relief is not barred on that ground, injunction is the proper remedy to restrain trespasses where the remedy at law is inadequate because of the nature of the injury or because of the necessity of multiplicity of actions to obtain redress. Lewis v. Hicks, 264 Ala. 440, 87 So.2d 867, 60 A. L.R.2d 307.

■ A landowner has the inherent right, in the absence of any valid statute, or contractual restriction to the contrary, to erect a boundary fence along the division line of his property. Dyba v. Borowitz, 136 Pa. Super. 532, 7 A.2d 500; Good v. Petticrew, 165 Va. 526, 183 S.E. 217; Willing v. Booker, 160 Va. 461, 168 S.E. 417.

■ According to the averments of this bill, the complainant was being denied that right by the respondents and others and we are of the opinion that the averments of the bill are sufficient to warrant injunctive relief to prevent repeated trespasses by respondents which would prevent complainant from protecting "its plant and products, inventory and supplies located thereon from theft or other loss or damage." In our opinion the bill shows an injury occasioned by repeated trespasses which would require a multiplicity of actions at law in order for complainant to secure complete pecuniary compensation; hence the remedy at law is inadequate. Lewis v. Hicks, supra.

■ While we have found no case, and none has been cited, expressly deciding the question before us, we have found several cases from other jurisdictions recognizing that a court of equity at the instance of a landowner may enjoin the destruction of fences already constructed. We feel that the holdings in those cases are supportive of our views herein expressed. Carpenter v. Gwynn, 35 Barb, N.Y., 395; McPike v. West, 71 Mo. 199; Pohlman v. Lohmeyer, 60 Neb. 364, 83 N.W. 201; Lynch v. Egan, 67 Neb. 541, 93 N.W. 775. In Pohlman v. Lohmeyer, supra [60 Neb. 364, 83 N.W. 201], it was said: "It is argued that injunction will not lie, as plaintiff had a complete remedy at law to recover damages. It was shown that defendants tore down and destroyed the fence, and threatened to repeat it as often as plaintiff should restore the same. This threatened continued trespass was sufficient to give a court of equity cognizance of the cause, though the defendants may not be insolvent. * * *"

We hold that there is no merit in the argued assignments of error addressed to the bill as a whole and that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.