116 So.2d 575

Sybil J. UNDERWOOD

v.

WEST POINT MANUFACTURING COMPANY.

5 Div. 719.

Supreme Court of Alabama.

Dec. 17, 1959.

Walker & Walker, Opelika, for appellant.

Wm. O. Walton, Jr., Lafayette, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity.

The bill was filed in the Circuit Court of Chambers County, in Equity, by West Point Manufacturing Company against Sybil J. Underwood, Sinclàir Refining Company, Ralph E. Freeman, Jr., and First Federal Savings and Loan Association of West Point, Georgia.

The bill seeks a mandatory injunction "requiring Respondents to immediately stop trespassing on the property of Complainant by dumping or emptying sewage from the lot owned or operated by Respondents into the private sewage disposal system of Complainant."

The case made by the bill is substantially as follows: Complainant owns and operates a private sewage disposal system in Fairfax, an unincorporated town in Chambers County. Complainant charges fees for the use of its system and makes rules and regulations concerning its use.

The respondent Sybil J. Underwood owns a lot in Fairfax that is crossed by a sewer line leading from land which belonged to the F. B. Trammell estate to a main sewer line of complainant.

The Trammell line was constructed in about 1938 and was connected to complainant's sewer line with complainant's permission.

One Malcolm Jarvis was formerly a joint owner with Sybil J. Underwood of the lot in question, which we will sometimes refer to hereinafter as the Underwood lot. They leased the lot to the respondent Sinclair Refining Company.

A filling station was recently constructed on the Underwood lot. It is operated by the respondent Ralph E. Freeman, Jr., under an agreement with Sinclair Refining Company.

There was no sewage connection on or from the Underwood lot at the time work on the filling station was begun. Complainant has never "authorized any sewage connection from said lot."

Malcolm Jarvis, when he was a joint owner of the Underwood lot, sought complainant's permission to make sewage connections from the Underwood lot to complainant's sewerage system. Such permission was not granted. The bill avers:

"* * * In spite of the refusal of Complainant to grant permission for sewage connection for said lot, Complainant has since that time learned that the said Malcolm Jarvis, or the Respondents, or their agents, servants, or employees have connected one or more sewage lines from said lot onto the private Trammell line; and through the said private Trammell line, are now continually dumping waste and sewage into the private sewage disposal system of Complainant.

"6.

"Complainant avers that such unauthorized of [sic] dumping of sewage into its private system, and over its property constitutes a trespass by Respondents on the property of Complainant, and that the continuous dumping of sewage as aforesaid by Respondents constitutes a continuing trespass on the private property of Complainant. Complainant avers that it has asked Respondents to remove the sewage connection from said lot, and to stop dumping sewage into Complain-

ant's system, but they have ignored the request of Complainant and continue to trespass upon Complainant's property.

"7.

"Complainant further avers that said continuing trespass by the Respondents is constituting irreparable damage to the property of Complainant, and that Complainant is powerless to stop said trespassing. Complainant further avers that it knows of no actual trespass on its property by the Respondent, First Federal Savings and Loan Association of West Point, Georgia, but that said Respondent is made a party hereto because of its interest in said property under the note and mortgage set out in paragraph three (3) above."

The appeal is by the respondent Sybil J. Underwood from the decree overruling her amended demurrer. She is the only respondent who demurred to the bill.

It is contended that the bill is without equity in that the complainant has an adequate remedy at law and that the trial court therefore erred in overruling the general demurrer addressed to the bill.

■ This court is committed to the equitable right of injunction by the owner of land in possession when the trespass is of a continuous or repeated nature, so that actions at law would be inadequate. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559, and cases cited; Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L.R.A.1917C, 232; Green v. Mutual Steel Co., Inc., 268 Ala. 648, 108 So.2d 837. There being no question of disputed title, or at least that equitable relief is not barred on that ground, injunction is the proper remedy to restrain trespasses where the remedy at law is inadequate because of the nature of the injury or because of the necessity of multiplicity of actions to obtain redress. Lewis v. Hicks, 264 Ala. 440, 87 So.2d 867, 60 A.L.R.2d 307.

In Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L.R.A.1917C, 232, this court adopted the modern rule and departed to some extent from some of the early cases, such as Deegan v. Neville, 127 Ala. 471, 29 So. 173, cited by appellant. Jones v. King, 221 Ala. 179, 128 So. 378. In the case last cited we said that an owner of hunting privileges was entitled to an injunction against continuing trespasses interfering with or destroying such rights.

In Williams v. Still, 263 Ala. 214, 82 So. 2d 230, we affirmed a decree which overruled demurrer to a bill which sought to restrain and enjoin the polution of a stream which ran through complainant's pasture. To like effect is the case of Elmore v. Ingalls, 245 Ala. 481, 17 So.2d 674

■ If the averments of the bill are true, and they must be so treated on demurrer, the complainant is the owner of a private sewerage system and has the right to decide who can use that system and upon what terms. There is nothing in the bill to indicate that complainant's sewerage system is so effected with a public interest as to entitle all property owners in the vicinity who are willing to pay a reasonable fee to connect with it.

While we have found no Alabama case, and none has been cited, which deals with the rights of an owner of a private sewerage system to injunctive relief in a situation of the kind presented by this bill, there are several cases from other jurisdictions recognizing that an owner of a private sewerage system may enjoin unauthorized persons from using his facilities. Kittrell v. Angelo, 170 Ark. 982, 282 S.W. 363; Newport Manor, Inc. v. Carmen Land Co., Fla., 82 So.2d 127; Boyden v. Walkley, 113 Mich. 609, 71 N.W. 1099. See Lee v. Scriver, 143 Minn. 17, 172 N.W. 802.

■ In our opinion the bill shows an injury occasioned by repeated trespasses, the dumping of sewage into complainant's system by way of the Trammell line, which cannot be compensated for in a court of

law. Lewis v. Hicks, supra; Green v. Mutual Steel Co., supra; Williams v. Still, supra.

■ It is next argued the court erred in overruling grounds of demurrer taking the point "that the bill is so vague and ambiguous as to fail to inform the respondents of what they are called upon to defend."

We cannot agree. The bill plainly informs this appellant, the demurrant, that she is the owner of a lot on which a connection has been made to the Trammell line and that as a result of that unauthorized connection sewage from her lot is being repeatedly emptied into complainant's sewerage system. It matters not who made the connection. The appellant is called upon by the bill to show why the connection should not be discontinued.

■ The bill avers that the continuous trespass constitutes irreparable damage to complainants. The facts are not averred as is necessary in most cases of this kind. Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574. However, the very nature of the injury shown by the bill is such as to show it to be irreparable.

The right of the complainant to determine who is going to use its sewerage system cannot be taken away from it simply by responding in money damages. In order to protect its right to control the use of its property, complainant must look to a court of equity.

There is nothing in the bill to indicate that the owner of the Underwood lot has any right to connect with the Trammell sewer simply because that line was laid across the lot some years ago.

It is said that the bill is multifarious because First Federal Savings and Loan Association of West Point, Georgia, is improperly joined as a party respondent.

■ Although no relief is prayed against the Association, we think it was a proper party since it holds a mortgage on the lot in question.

■ But, in any event, the respondent Sybil J. Underwood is properly before the court and, if the Association is not properly brought in as a party, this is a matter of which Mrs. Underwood cannot complain, as she will not be affected thereby. Treadaway v. Stansell, 203 Ala. 52, 82 So. 12.

We hold that none of the grounds of the demurrer which are argued in brief of appellant are well taken and that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.