A. & D. S. Realty Corporation, Plaintiff, *v.* John A. Kass and Annie Kass, Defendants.

Supreme Court, Kings Special Term, December, 1922.

**Highways — one who constructs a private sewer in a public street has no ownership therein — sale of abutting property — rights in sewer pass to grantee.**

Plaintiff, with permission from the city, built a private sewer in a public street and gave a bond to the city to hold it harmless for damage arising from the construction and maintenance of the sewer. Plaintiff sold its property and thereafter defendants, with permission from the city and from the owner of the property formerly belonging to plaintiff, made a connection with the private sewer. Plaintiff seeks to prevent defendants from using the sewer. *Held*, that upon the sale of its abutting property plaintiff ceased to have any rights in and to the sewer, that its rights passed to its grantees, that it did not retain any right in the sewer by reason of the bond which it gave to the city and that at no time did it own the sewer. Judgment for defendant.

Suit for an injunction.

*Hovell, McChesney & Clarkson* (*Sidney A. Clarkson*, of counsel), for plaintiff.

*Lewis & McNamara* (*Daniel McNamara, Jr.*, of counsel), for defendants.

Cropsey, J. With the permission of the city, plaintiff built a private sewer in a public street to connect its property with the city sewer in another street several hundred feet distant. Later

Surrogate's Court, Bronx County, December, 1922. [Vol. 119

plaintiff sold its property. Still later, with the permission of the city, the defendants owning property on the same street made a connection with the sewer plaintiff had built. Defendants did not have plaintiff's consent, but had the consent of the owner of the property which had formerly belonged to the plaintiff. Plaintiff seeks to prevent defendants from using the sewer. But plaintiff has no right to it. Even when it was built the plaintiff did not own the sewer. It was constructed in a public street and not in property belonging to plaintiff. The city could not give away its rights in the public streets. *City of New York* v. *Rice*, 198 N. Y. 124; *Acme Realty Co.* v. *Schinasi*, 215 id. 495, 504. Of course plaintiff had the right to use the sewer so long as it owned the abutting property, but when it sold that, that right no longer existed — it passed to plaintiff's grantee. Plaintiff then had no rights in or to the use of the sewer. It is immaterial whether defendants got the consent of the actual owner of the property formerly belonging to plaintiff; at least the plaintiff cannot be heard to raise that contention. The case of *Wiseman* v. *Lucksinger*, 84 N. Y. 31, is not in point. There the sewer connection was across the plaintiff's land. Plaintiff's contention is based principally upon the fact that when it got the city's permission to construct the sewer it was required to give a bond to the latter to hold it harmless for damage arising from the construction and maintenance of the sewer. But under this bond plaintiff would not be liable for any damage caused by the act of defendants in making their connection with or use of the sewer. And in any event, plaintiff could not and did not retain any rights in the sewer merely because it gave such a bond. Judgment for defendants, with costs.

Judgment accordingly.