### HALE v. WARREN.

No. 24301.    Oct. 29, 1935.

O. W. Patchell, for plaintiff in error.

Mac Q. Williamson, for defendant in error.

PER CURIAM. This action was brought in the district court of Garvin county, Okla., by defendant in error, Bess L. Warren, as plaintiff, hereinafter referred to as plaintiff, against plaintiff in error, W. S. Hale, hereinafter referred to as defendant, to enjoin the defendant from attaching an extension to a sanitary sewer line which plaintiff had laid at her own expense, with consent of the city authorities, in an alley in the city of Pauls Valley; but it was agreed that defendant might make such attachment, and it was understood that p aintiff would prosecute the action as one for recovery by plaintiff from defendant of part of the expenses which she had been to in laying the sewer line.

The trial court made a summary of the facts, which is supported by the evidence, as follows:

"That the plaintiff is the owner of the northwest 50 feet of lot 3, and that the defendant is the owner of the southeast 50 feet of lot 2 of block 132 in the city of Pauls Valley, Okla., and which parcels of land adjoin each other; and in the rear of both for the full length of said block there exists a public alleyway of said city, 20 feet wide. That prior to the year of 1926 said city had built a sanitary sewer system in said city and the same extended part way northwest in the middle of said alley, and during said year of 1926, the plaintiff and E. D. Bollinger, who was then her husband, obtained permission from said city through its commissioner to lay at their own expense an addition to said sewer line in said alley connecting with the existing line and to extend the same on northwest for a distance of 170 feet so as to make sewer connections and sewer service possible for their said lot. Such permission was granted by said city commissioners orally and no written agreement or minute of the matter was ever made or entered on the records of the proceedings of said city commissioners, or any other written record made, but the agreement between the said city commissioners and said Bollingers was that they should lay such sewer addition entirely at their own expense, but the work was to be done under the inspection and approval of the city engineer, but the latter was not to receive any compensation from said Bollingers for such inspection or approval. When completed said sewer addition as to operation became a part of the regular sewer

system of said city, and thereafter was subject to the maintenance and care of said city the same as any other part of the sewer system of said city.

"When said Bollingers approached said city commissioners for the construction of said sewer addition, it was claimed by said commissioners that the city had no money at that time to spend for that purpose, but they were willing to permit said Bollingers to construct said sewer as hereinbefore stated; and while no reservation was made or granted by said city authorities as to the right of said Bollingers to compel other adjacent property owners who might wish to make connections with the sewer so laid to repay them a part of the cost thereof, yet it was expressed at the time by some of the commissioners and acquiesced in by all that if any such adjacent property owner might in the future wish to connect with the sewer so laid by said Bollingers that it would be only fair and right for such adjacent property owners to pay a reasonable pro rata share of the cost of laying said sewer addition.

"That the cost of such sewer addition to the plaintiff and her former husband was $132.75, but one Sherrill, owner of the 50 feet adjoining them on the southeast, paid them back $35, for his proportional cost of said sewer addition, and which sum was agreed upon before said sewer addition was completed, and a Y was put in said sewer back of said Sherrill's lot and for his convenience.

"That immediately after said Bollingers laid said sewer in said alley, they joined their private line from their dwelling and filling station to the same and commenced use thereof and paid said city for such use at the rate of 10 cts. per month in their regular water bills in the same manner as all other sewer connections are paid for in said city.

"That on the ____ day of _____,1930, the defendant Hale became the owner of his lot and bought the same without any actual or constructive knowledge or notice of the claims of the plaintiff of her right to compel any other adjacent property owner to pay her a proportional part of the costs of constructing that part of said sewer laid by her, before they could connect therewith.

"That prior to the commencement of this action that defendant obtained from the authorities of said city permission to lay a a sewer in said alley making connection at the northwest end of the sewer so laid by the Bollingers, and extending on northwest in said alley to such point as he desired opposite his lot, but the expense of laying such sewer addition was to be borne wholly by the defendant, and the work was to be done subject to the inspection and approval

of the city engineer, and when completed said addition was to become a part of the sewer system of said city and he was to pay for the use thereof at the rate of 10 cts. per month in his water bills. When the defendant commenced work upon said sewer and upon his refusal to pay anything to the plaintiff for making such connection with the sewer laid by her, this action was filed.

"During the pendency of the action it was agreed by the parties with the consent of the court that the injunction should be waived and defendant be permitted to complete the sewer addition contemplated by him, leaving to the court to award to the plaintiff against the defendant such compensation as the law and equity might require under the facts, but the defendant still denied that plaintiff was entitled to recover anything from him for making such sewer connection.

"And the court further finds that in making such sewer connection the defendant laid a six-inch sewer for a distance of 32 feet in the rear of the plaintiff's lot and for a distance of 10 feet back of his own lot, and said sewer addition was paid by the defendant at a cost of 32½ cts. per foot under a contract with the O. K. Plumbing Company, and that said company would have laid an 8-inch sewer on said line in said alley at a cost of 37½ cts. per running foot.

"And the court further finds that there is no other sewer line with which the defendant could have made practical connection for the benefit of his property than that built by the plaintiff, and that if the same had not been in existence at the time he wanted sewer connections he would have had to construct a sewer the full length of the line so laid by the plaintiff and her former husband, and therefore by the existence of said line he now obtains such sewer service at a much less cost than would otherwise have been to him, and therefore the court is of the opinion that it is but fair and equitable that the defendant should reimburse the plaintiff for a reasonable part of her original outlays and the court fixes the same at the sum of $25."

Judgment was rendered in favor of the plaintiff and against the defendant in the sum of $25 to which the defendant excepted; and the issue presented for review is whether or not the judgment is supported by sufficient evidence; and whether or not it is contrary to law, in that it is not supported by the facts found by the court.

The statement of facts made by the court is true of the evidence, and the determinative inquiry is whether or not the judgment is contrary to law.

Plaintiff calls attention to the case of Maney et al. v. Okla. City, 150 Okla. 77, 300 P. 642, holding that:

"A city has two classes of powers—the one legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people; the other proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality.

"Municipal corporations in operating a water plant exercise business and administrative functions rather than those strictly governmental in their nature, and in the exercise of such functions are governed largely by the same rules applicable to individuals or private corporations engaged in the same business."

Such is sustained by the decision in Fretz v. Edmond, 66 Okla. 262, 168 P. 800, and City of Wewoka v. Mainard, 155 Okla. 156, 8 P. (2d) 676.

A like rule is applicable where a municipal corporation is engaged in operating a system of electric lights. Moomaw et al. v. Sions, 96 Okla. 202, 220 P. 865. In either case the municipal corporation is proprietor of the business, selling water or light to patrons, and is not exercising a governmental but a proprietary function.

Plaintiff cites the case of Witty v. Corpus Christi Plumbing Co. (Tex. Civ. App.) 25 S. W. (2d) 169, to the effect that one laying a water line at his own expense, in front of his lots, with the consent of the city authorities, remains the owner of the line as in the exercise of a franchise given by the city, and may prevent others from connecting thereto and using the same. The fact that we have constitutional provisions allowing municipalities to acquire these proprietary interests, and to operate them, does not suggest any modification of the powers and duties of municipal bodies in respect of the police powers.

We think the weight of authority sustains the proposition that the establishment and maintenance of public sanitary sewers by a municipality is a governmental function. 4 Dillon on Mun. Corp. (5 Ed.) sections 1739-1747.

In Hughes v. Auburn, 161 N. Y. 96, 55 N. E. 389, involving a sanitary sewer and the city's liability in that respect to one injured, the court said:

"In the construction and maintenance of a sewer or drainage system, a municipal corporation exercises a part of the governmental powers of the state for the custom-

ary local convenience and benefit of all of the people."

See, also, City of Atlanta v. Key (Ga. App.) 155 S. E. 499, citing City Council of Augusta v. Cleveland (Ga.) 98 S. E. 345; and Burns v. City of Enid, 92 Okla. 67, 217 P. 1038, holding that a municipal contract for the removal of garbage was in the exercise of the police powers.

In 43 C. J. 207, it is said:

"The preservation of the health of the population is uniformly recognized as a most important municipal function. It is not only the right but the duty of a municipal corporation possessing the police power to pass such regulations as may be necessary for the preservation of the health of the people."

However, in Ostrander v. City of Lansing (Mich.) 70 N. W. 332. held that a sewer system, under the applicable act allowing charges for its use, was private property, belonging to the city the same as a water plant. This on authority of City of Detroit v. Corey, 9 Mich. 165, 80 A. D. 78.

Like rule followed in Donahoe v. City of K. C. (Mo.) 38 S. W. 571.

The Oklahoma statute, art. 3, ch. 33, O. S. 1931, divides sewers into three classes, to wit, public, district and private sewers; and exercises the power to make special assessments of costs upon abutting properties, except as to private sewers; and of these it is provided, section 6048, O. S. 1931, "the city shall be at no expense in the construction, repairing or cleaning of the same."

While plaintiff in the instant case paid the cost of construction of the 170 feet of the sewer, it was an extension of the existing city sewer, under the supervision of the city engineer, and with the understanding that when completed, it should become part of the sewer system of the city and be maintained by the city in the same manner as other parts of the system.

Plaintiff's enjoyment of the part of the line laid by her was not in the exercise of a franchise granted her, but as a patron of the city in employment of its public sewer; and aside from the question of whether or not the city in supervising and maintaining it was exercising a governmental or proprietary function, it had such exclusive control and management as to exclude any right of plaintiff to prescribe conditions upon which others might use it.

It had become an integral part of the city system, under the administration of the city; and there is nothing in the law or public policy allowing a private citizen to prescribe conditions upon which it might be used, regardless of how or at whose expense it was constructed. It would be a dangerous rule and against public policy to permit private persons to acquire or retain a proprietary interest in public sanitary sewer lines, conditioning the right of the public authorities to extend or to permit the extension of such to other property equally entitled to sewer service. And to allow plaintiff to recover herein would be, in principle, placing such extra official power in her hands.

Defendant was entitled to this benefit of the public sewer system without enforced contribution to private citizens for cost of its construction.

The judgment is contrary to law and is reversed.

The Supreme Court acknowledges the aid of Attorneys John Embry, W. R. Bleakmore, and John A. Brett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Embry and approved by Mr. Bleakmore and Mr. Brett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur.