(No. 6490.   July 28, 1938.)

EARL V. CORNWALL, Appellant, v. G. E. GARRISON, Respondent.

[81 Pac. (2d) 1094.]

Guy W. Wolfe and J. H. Felton, for Appellant.

A. H. Oversmith, for Respondent.

MORGAN, J.—In 1909, Independent School District No. 5, of Latah County, purchased the west ninety-eight and two-thirds feet of Lot 30, in McGregor's Second Addition to Moscow, according to the recorded plat thereof, and erected a school building thereon. The east portion of the lot, adjoining that purchased by the school district, belongs to J. A. Anell and his wife. The Anell property is bordered on the east by Lynn Avenue. The school district entered into a contract with Anell and his wife whereby it acquired from them an easement across their property for the construction of a sewer from the school building, and obligated itself to keep the sewer in proper repair. It constructed the sewer across the Anell property and northerly therefrom, approximately along the center of Lynn Avenue to Seventh Street, where connection was made with a city sewer. In 1936, respondent erected a dwelling house on the east side of Lynn Avenue and connected it with the sewer therein. Appellant, having purchased the school district property and its appurtenances, claimed to be the owner of the sewer, including that portion of it in Lynn Avenue, and commenced suit to enjoin respondent from using it. Judgment was for defendant and plaintiff has appealed.

The controlling feature of this case is that the portion of the sewer in Lynn Avenue is not private property of appellant, but is public property of the city of Moscow.

"There are three elements going to make up a street, viz.: (1) the surface, (2) so much beneath the surface as is necessary for a foundation for the surface and for water mains, gas pipes, sewer pipes and conduits of various sorts; and (3) enough above the surface to afford clearance for traffic." McQuillin, Municipal Corporations, Second Edition, Vol. 4, page 12, sec. 1385.

"The right of the public in a street is by no means confined to the surface of the way, and this all who set apart land for a street are conclusively presumed to know. ' "Street" means more than the surface; it means the whole surface and as much of the depth as is, or can be used, not unfairly, for the ordinary purpose of a street. It comprises a depth which authorizes the urban authority to do that which is done in every street, namely, to raise the street, and lay down sewers—for, at the present day there can be no street in a town without sewers, or at least the right to construct them—and, also, for the purpose of laying down gas and water pipes. "Street," therefore, includes the surface and so much of the depth as may not unfairly be used as streets are used.' " Elliott, Roads and Streets, Fourth Edition, Vol. I, page 21, sec. 20.

The testimony of the man who installed the sewer was offered to the effect that the school district had a permit to place it in the street. He testified he supposed it was a verbal permit, and objection to his testimony with respect to it was sustained. No record of a permit having been granted by the city to the school district, to install the sewer in the street, could be found and the presumption is, in the absence of a record to the contrary, no permit was granted by anyone having authority to grant it. Even if it had been satisfactorily established that the city granted the school district authority to install a sewer in Lynn Avenue, we have no right to assume it thereby vacated that part of the avenue for street purposes, nor that there was an agreement between the city and the school district that the latter should have a right to maintain the sewer for its own use, and to the exclusion of the public.

*A. & D. S. Realty Corp. v. Kass,* 119 Misc. 735, 197 N. Y. Supp. 279, is a case wherein was involved a question like the one here under consideration. In that case, plaintiff, with the permission of the city, had built a sewer in a public street, to connect his property with a city sewer. He sold his property and the purchaser granted defendants permission to connect their property with the sewer. Plaintiff brought action

to prevent defendants from using the sewer, on the theory that he owned it. The court said:

"Plaintiff seeks to prevent defendants from using the sewer. But plaintiff has no right to it. Even when it was built the plaintiff did not own the sewer. It was constructed in a public street, and not in property belonging to plaintiff. The city could not give away its rights in the public streets. *City of New York v. Rice,* 198 N. Y. 124, 91 N. E. 283, 28 L. R. A., N. S., 375; *Acme Realty Co. v. Schinasi,* 215 N. Y. 495, 504, 109 N. E. 577, L. R. A. 1916A, 1176. Of course plaintiff had the right to use the sewer so long as it owned the abutting property; but, when it sold that, that right no longer existed—it passed to plaintiff's grantee. Plaintiff then had no rights in or to the use of the sewer. It is immaterial whether defendants got the consent of the actual owner of the property formerly belonging to plaintiff; at least the plaintiff cannot be heard to raise that contention. The case of *Wiseman v. Lucksinger,* 84 N. Y. 31, 38 Am. Rep. 479, is not in point. There the sewer connection was across the plaintiff's land."

■ Appellant contends respondent did not have a duly authorized permit from the city to connect with the sewer. Whether he had or not is a question between him and the city, which has not been made a party to the action, and its rights cannot be adjudicated herein.

■ Appellant insists he can maintain this action because he, as grantee of the school district, is liable to Anell and his wife to perpetually maintain the sewer for the use and benefit of their property. The rights of Anell and his wife, and the liability of the school district, and of the city of Moscow, if any, cannot be adjudicated in an action to which they have not been made parties.

■ Since appellant is not the owner of the sewer, which is permanently installed in, and a part of, one of the streets of Moscow, his action cannot be maintained and the injunction was properly denied.

The judgment appealed from is affirmed. Costs are awarded to respondent.

Holden, C. J., Ailshie, Budge and Givens, JJ., concur.