## DAIL v. ADAMS BUILDING CORP. et al.

No. 32813. Oct. 21, 1947.

Rehearing Denied Dec. 16, 1947.
Second Rehearing Denied July 9, 1948.

*195 P. 2d 755.*

L. E. Bellamy and Eldon J. Dick, both of Tulsa, for plaintiff in error.

C. S. Walker, of Tulsa, for defendant in error Adams Building Corporation.

Chas. R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, for defendant in error City of Tulsa.

WELCH, J. This action was brought by E. D. Dail against Adams Building Corporation and the city of Tulsa for damages against the first named defendant, and for mandatory injunction or damages against the last-named defendant.

It is alleged in plaintiff's petition that in 1928 plaintiff's predecessor in title constructed a private sewer line from the Arkansas river to a point near the city limits of Tulsa along the county highway by virtue of easements from the board of county commissioners. That in 1939, by written contract, plaintiff permitted the city to connect to said sewer line. That in 1946 the city permitted the Adams Building Corporation, without permission of plaintiff, to connect onto said sewer line to serve certain lots in Adams Estates, an addition adjoining the city limits. That under the terms of plaintiff's contract with the city this connection was unauthorized, and that the capacity of plaintiff's sewer line is limited and the use of the sewer line by Adams Estates would so tax plaintiff's line that it would be impracticable to grant to certain potential customers the right and permission to connect onto said sewer line. That thereby plaintiff would be denied revenue he is entitled to receive as owner of said sewer line from the sale of sewer connections, or in the alternative would be required to install a larger sewer line at great expense to plaintiff. Plaintiff alleges that he has been damaged in the sum of $100 for each lot in Adams Estates, or an aggregate of $5,400, and asks judgment against defendant Adams Building Corporation in that amount, and for a

mandatory injunction against the city of Tulsa to compel it to cause said sewer to be disconnected, and on failure so to do that plaintiff have judgment in the sum of $5,400 against the city of Tulsa.

Defendants each interposed a demurrer to plaintiff's petition, which demurrers were sustained. Plaintiff elected to stand upon the sufficiency of his pleadings and judgment was entered for the defendants. Plaintiff appeals.

It is shown by the pleadings that the connection made by the Adams Corporation was onto an extension of the city's sewer line serving the Woodland Heights addition and the block in Leoki Place addition; that the sewer lines from the Adams Estates would empty directly into the city's line and indirectly into plaintiff's line.

Plaintiff pleads a written contract whereby he permitted the city to connect its certain sewer line to plaintiff's line at a certain point named in the agreement.

The question presented is whether the city violated the terms of its agreement with plaintiff in permitting the Adams connection to the city's line.

The contract pleaded by plaintiff was in form a proposal and its acceptance as follows:

"Tulsa, Oklahoma
"June 28, 1939

"The Honorable Mayor and
"Board of Commissioners
"City of Tulsa, Tulsa, Okla.

"Gentlemen: For One and no/100 ($1.00) Dollars, and other good and valuable considerations, the receipt of which is hereby acknowledged we, the undersigned, as owners, hereby grant to the City of Tulsa the privilege of connecting to our private sewer at the manhole in 36th Place, 135 feet east of Peoria Avenue in the City of Tulsa, this connection to serve as a perpetual outlet and easement without further compensation for the proposed

sanitary sewer to serve Woodland Heights Addition and Block One (1), Leoki Place Addition to the City of Tulsa, according to the duly recorded plat thereof.

"Permission for this connection is granted to the City of Tulsa with the understanding that the City of Tulsa is to maintain and upkeep all of said sewer lines referred to above, together with our lines between the points of this connection and the outlet at the Arkansas River.

"E. D. Dail
"by Mary Blockman."

* * * * *

"Accepted:
"City of Tulsa,
"Dr. T. A. Penny, Mayor (Seal)
"Milton W. Davis, Auditor."

The contract cannot be said to be a conveyance of plaintiff's line to the city, nor does it grant plaintiff any proprietary interest in the city's line. The city is given no interest in plaintiff's line except the right to use and the duty to maintain the line as an outlet for its particular line through the connection authorized by the agreement. The plaintiff is given no interest in or right of control over the city's line unless the agreement authorizing the connection limited the use by the city of the city's line.

The clause "this connection to serve as a perpetual outlet . . . for the proposed sanitary sewer to serve Woodland Heights Addition and Block One (1), Leoki Place Addition to the City of Tulsa," contains no words of limitation upon the use of the outlet except that the connection is limited to a particular city sewer line. The words "Woodland Heights Addition, etc.," serve to describe or identify the particular line to be connected and do not limit the extent of the use of that city line by the city and to the exclusion of other property that might become entitled to sewer service from the city.

Plaintiff agreed that the city might make a particular connection to plain-

tiff's line to serve as an outlet for a particular city line without restriction upon the city as to the use of its line. The authorization by the city to the Adams Corporation to connect to the city's line, although with a resulting consequence of an increased use of plaintiff's line, was in the first instance an increase in the use of the city's line, and such increase in the use of the city's line with the limits of the city's connection and the city's outlet into plaintiff's line, did not violate the agreement.

The judgment is affirmed.

DAVISON, V.C.J., and CORN, GIBSON, and A R N O L D , JJ., concur. HURST, C.J., and RILEY and LUTTRELL, JJ., dissent.

---

On Second Petition for Rehearing.

RILEY, J. (dissenting). Upon careful consideration of the record in the above case, I am convinced that the second petition for rehearing herein should be granted.

This action was commenced by plaintiff, E. D. Dail, against Adams Building Corporation and the city of Tulsa for damages against the first named defendant and for mandatory injunctive relief or, in the alternate, damages against the city of Tulsa.

Plaintiff, in his amended petition, alleged that in 1928 his predecessor in title constructed a private sewer from a point near the city limits of Tulsa, along a county highway to the Arkansas river. An easement had been granted by the board of county commissioners. In 1939, plaintiff, by written contract, granted to the city of Tulsa the privilege of connecting on to the sewer line at a designated point, but the privilege was limited to a connection with the sewer line to extend it eastward so as to serve Woodland Heights addition and block 1, Leoki Place addition to the city. A copy of

the contract was attached to said amended petition and is as follows:

"Tulsa, Oklahoma
"June 28, 1939.

"The Honorable Mayor and
"Board of Commissioners,
"City of Tulsa,
"Tulsa, Okla.

"Gentlemen:

"For one and no-100 ($1.00) Dollars, and other good and valuable considerations, the receipt of which is hereby acknowledged, we, the undersigned, as owners, hereby grant to the City of Tulsa the privilege of connecting to our private sewer at the manhole in 36th Place, 135 feet east of Peoria Avenue in the City of Tulsa, this connection to serve as a perpetual out-let and easement without further compensation for the proposed sanitary sewer to serve Woodland Heights Addition and Block One (1) Leoki Place Addition to the City of Tulsa, according to the duly recorded plat thereof.

"Permission for this connection is granted to the City of Tulsa with the understanding that the City of Tulsa is to maintain and upkeep all of said sewer lines referred to above, together with our lines between the points of this connection and the outlet at the Arkansas River.

"E. D. Dial
"By Mary Blockman

"Witnesses:
"Mrs. Armita Gulinger. Edwin O. Johnson. W. L. Tester.
"Accepted: City of Tulsa
"Dr. T. A. Penny, Mayor
"Milton W. Davis, Auditor".

The petition further alleged that on February 12, 1946, defendant Adams Building Corporation made application to the city for permission to connect to the sewer line for the purpose of serving certain lots in Adams Estates addition lying further east and outside the city limits. Adams Estates addition is located in the S. W. ¼ of N. E. ¼, sec. 19, twp. 19 N., R. 13 E. Adams Building Corporation was informed of plaintiff's ownership of the sewer line

and the existence of the contract aforesaid, and plaintiff's permission was necessary for the connection. Adams Building Corporation falsely represented to the city that plaintiff's consent had been given, so that Adams Building Corporation could wrongfully make the connection without plaintiff's knowledge or consent. But plaintiff, having been informed that said Adams Building Corporation was about to make said connection and had commenced work to that end, and before the connection was made, notified Adams Building Corporation not to make the connection. Plaintiff explained that he was the owner of that part of the sewer line; that the city had no authority to extend the sewer line beyond Woodland Heights addition and block 1 of Leoki Place addition without plaintiff's consent. The work was discontinued for the time, but thereafter, and in the night, defendant Building Corporation unlawfully connected so as to extend the sewer line into Adams Estates. Adams Building Corporation is constructing numerous houses on the lots in Adams Estates and has constructed lateral sewer lines to run sewage through plaintiff's sewer line. Plaintiff's sewer line is limited in capacity; the use of the line by Adams Estates will overtax plaintiff's line so as to make it impossible for plaintiff to sell lots in his addition with sewer service, and also render it impossible for plaintiff to grant other customers outside the city limits, to the south, the right to connect to plaintiff's sewer. Plaintiff will be denied revenues to which he will be entitled, to plaintiff's damage in the sum of $5,400, which, by prayer, plaintiff sought.

Plaintiff also sought a mandatory injunction against the city of Tulsa to cancel and vacate the order and permit given to the Building Corporation, and to require the city to order a disconnection of the sewer line, and for failure so to do, for damages against the city in the sum of $5,400.

Defendants interposed separate general demurrers to the petition as amended. The demurrers were sustained; plaintiff elected to stand; judgment was entered dismissing; plaintiff appeals.

The effect of a general demurrer is to admit the truth of every well-pleaded statement of fact. Grady v. First State Bank, 143 Okla. 268, 288 P. 481. Under the rule, for the purpose of appeal, we consider as true every well-pleaded statement of fact contained in plaintiff's amended petition. On and prior to June 28, 1939, plaintiff was the owner of a private sewer line entirely outside the limits of the city of Tulsa. The sewer line extended from a point near the city limits to the Arkansas river. On June 28, 1939, the contract was executed. Plaintiff, as owner, for a consideration, granted the city the privilege of connecting with the sewer, at the particular place. The connection was intended to be a perpetual outlet for a proposed sanitary sewer to serve "Woodland Heights Addition and Block One (1) Leoki Place Addition to the City of Tulsa".

The other good and valuable consideration was that the city would maintain all the sewer lines mentioned in the contract, which were plaintiff's sewer line and the proposed sewer line to serve Woodland Heights addition and block 1, Leoki Place addition to the city of Tulsa.

The contract gave the city the right to connect with plaintiff's private sewer for a specific and limited purpose as stated, and no more. The right was limited as to extent of use. The only implication is that any and all property owners within the territory described had right by contract to construct and connect lateral sanitary sewer lines to the city's proposed main sewer line to be connected with plaintiff's line at a designated point. The contract did not, and does not, authorize the city to grant permission to any property owner outside the described

territory (Woodland Heights addition and block 1 in Leoki Place addition), whether within or without the city limits, to connect. Nothing more and nothing less was expressed; nothing more can be inferred.

By the plain terms of the contract, use of plaintiff's line was limited to a sanitary sewer line to serve the specific territory described. The contract must have been so understood and construed by the city of Tulsa when Adams Building Corporation made application for permission to connect and combine the sewer lines.

The maxim "expressio unius est exclusio alterius" applies. The mention of one is the exclusion of another and when certain persons or things are specified in a law, contract, or will, an intention to exclude all others may be inferred. Therefore, when the contract mentioned or specified the territory to be served by the proposed sewer line as "Woodland Heights Addition and Block One (1) Leoki Place Addition to the City of Tulsa", the intention to exclude all other territory is to be inferred. That is the contract.

When Adams Building Corporation made application to connect with the combined sewer line of plaintiff and that of the city, the city was without power and authority to grant the permit without the consent of plaintiff; the city so informed Adams Building Corporation. Thereafter, as alleged in the petition, Adams Building Corporation falsely and fraudulently represented to the city that it had plaintiff's permission to make the connection; by false and fraudulent representations, the Corporation obtained the permit from the city.

But that is not all. Plaintiff learned of the purpose of Adams Building Corporation to make the connection. Plaintiff warned it of the contract, notified it not to make the connection, and Adams Building Corporation ceased, for a time, to do wrong, but later, in the nighttime, the connection was surreptitiously made. A wrong was perpetrated against plaintiff; a fraud practiced upon the city. This, the courts may not properly approve.

It is clearly the duty of the city to join plaintiff in seeking the cancellation of the permit so fraudulently procured. The petition states a cause of action against both defendants.

Defendants rely on Hale v. Warren, 174 Okla. 404, 50 P. 2d 631, and Glenn v. Woodworth, Mayor, et al. (S.C.) 14 S.E. 2d 555. Neither of these cases applies; the facts are entirely different.

In Hale v. Warren, supra, the plaintiff, Warren, was the owner of a part of a lot in the city of Pauls Valley, not served by the city's sanitary sewer. Plaintiff and her then husband had obtained permission from the city to extend the sewer, at their own expense, along an alley to plaintiff's lot. The work was to be done under the supervision and approval of the city engineer, without expense to plaintiff. When completed, the sewer extension was to become subject to management and control of the city.

Those facts are exactly opposite to the facts in the instant case. There, the lot owner sought the use of that part of the sewer which had been constructed by the city, in the alley leading to plaintiff's property; permission had been given to construct the extension on the property of the city for plaintiff's benefit only, but when the extension was completed, it was to be a part of the city's sewer system.

In the case at bar, plaintiff owned the sewer line located entirely outside of the city. The city sought and obtained permission to connect for the benefit of the city (not for plaintiff's benefit) and to serve the territory included in Woodland Heights addition and block 1 in Leoki Place addition. The connection would save the expense of building a new sewer line to an outlet in the Arkansas river. For this bene-

fit, the city agreed to pay $1 and assume the expense of maintenance of the combined line.

The facts in Glenn v. Woodworth, supra, are likewise entirely different. There the private owner of property outside the city sought and obtained permission from the city to construct a sewer line across city-owned property. The connection with the city's sewer was sought for the property owner's benefit (not for the benefit of the city). The opinion discloses that in event a condition arose so that plaintiff's sewer line became overtaxed (as pleaded in the instant case) a different question would be presented and a different conclusion might be reached. We here deal with that difference.

To allow the additional connection to be made, under the facts pleaded in plaintiff's petition, so as to render plaintiff's sewer useless to him for the purpose for which it was constructed, would amount to a taking of plaintiff's property for public and private use without just compensation. Such a confiscation is forbidden by the Constitution and laws of this state.

I respectfully dissent to the order of the court denying the second petition for rehearing. I am authorized to say that HURST, C.J., and LUTTRELL, J., concur in this dissent.