The CITY OF SHAWNEE, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

H. G. THOMPSON, Defendant in Error.

No. 36127.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Rehearing Denied Oct. 26, 1954.

Randall Pitman, City Atty., Spurr & Steed, John T. Levergood, Shawnee, for plaintiff in error.

Saunders & Van Wagner, Shawnee, for defendant in error.

ARNOLD, Justice.

H. G. Thompson brought an action in reverse condemnation in the District Court of Pottawatomie County against the City of Shawnee to recover the value of a certain sewer line constructed in the public streets of Shawnee by plaintiff at his own expense.

The undisputed evidence shows that plaintiff, owner of an addition outside the city limits of Shawnee but contiguous to Capps Addition inside said city limits, proposed to the city that inasmuch as neither Capps Addition nor his addition had water mains or sewage facilities, and that the city had no money with which to build them; that the city float a water bond issue and put in all necessary trunk water mains in both additions. The bonds were voted and the city with their proceeds built the water lines. At the same time plaintiff asked for and obtained the permission of the city commission to build at his own expense a sewer main from his addition down a pub-

lic street of Shawnee across Capps Addition to connect with the existing city sewage system. Sometime thereafter the city took plaintiff's addition into the city limits. After his addition was taken into the city plaintiff constructed the sewer main, as he had been granted permission to do, from his addition across Capps Addition and connected it to the city sewage system, at a total cost to him of $16,764.96. Thereafter many residents of Capps Addition sought and were granted permission by the city to hook on to said sewer main, without objection on the part of plaintiff. After completion of the sewer main plaintiff asked the city to reimburse him for the cost of the sewer main. The city refused and ordered the proper officials to take control of same whereupon plaintiff brought this suit alleging that he was the owner of the sewer main, that the city had taken possession and control thereof, and seeking a judgment against the city for the damages sustained by him as a result of the city's appropriation of the sewer main.

The City of Shawnee filed its exceptions to the report of the commissioners appointed by the court to assess plaintiff's damages. The court found that plaintiff was the owner of the sewer line and overruled the city's exceptions. From order overruling motion for new trial the City of Shawnee appeals.

The City of Shawnee takes the position that when plaintiff constructed the trunk sewer line under the proposal made by him and the permission granted by the city and attached it to the city sewage system it became a public sewer, belonging to the city, and the city could not legally contract with plaintiff to purchase that which it already owned.

■ The permission given by the city to plaintiff to build the sewer line did not give plaintiff a franchise for the use of the city streets for a private sewer. The city cannot give away its rights in the public streets. The sewer here constructed was intended to be and did become an integral part of the city system, used by residents in Capps Addition as well as by residents in plaintiff's addition. It is against public policy to permit private persons to acquire or retain a proprietary interest in public sanitary sewer lines. Such ownership or interest would condition the rights of the public authorities to exercise control thereof and to extend to others equally entitled to sewer service permission to connect with such sewers. If private citizens were allowed to assert ownership piecemeal of various parts of the city sewage system an intolerable situation would soon exist. We have so held in Hale v. Warren, 174 Okl. 404, 50 P.2d 631. See also Glenn v. Woodworth, 197 S.C. 56, 14 S.E.2d 555; Cornwall v. Garrison, 59 Idaho 287, 81 P.2d 1094; A. & D. S. Realty Corp. v. Kass, 119 Misc. 735, 197 N.Y.S. 279.

■ When an alleged owner institutes proceedings in reverse condemnation for assessment of damages for the taking of his property for public use his ownership or interest in the property must necessarily be established in order to enable him to recover, as that lies at the foundation of the proceedings. Incorporated Town of Pittsburg v. Cochrane, 200 Okl. 497, 197 P.2d 287. Since this sewer line, even though constructed and paid for by plaintiff, was a public sewer and an integral part of the city sewer system and plaintiff does not have and never had any ownership thereof he cannot recover damages in reverse condemnation against the city for the taking of his property for a public use.

The cause is reversed with directions to enter judgment in favor of the City of Shawnee.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, J., dissents.