DREW, Justice.
This litigation arose .out of a controversy between the owners of adjoining subdivisions separated by a properly dedicated city street. Appellee’s subdivision was first developed. The City required it to construct an appropriate sewer system in its dedicated streets and to connect such system to the main city line some three blocks to the east. Another requirement was the construction by appellee of an ejector station to pump the sewage to the City line. When appellant subdivided its property at a later time, it connected its sewer lines to appellee’s system without its approval thereby utilis-ing appellee’s mains and ejector station in the discharge of its sewage. Upon discovering that such connection was made, appel-lee demanded it be disconnected and when appellant refused this suit was instituted in the lower court to compel such action and for damages and other relief.
The facts clearly establish that the City of Homestead, in which the property was located, not only gave appellee permission to construct such sewer system in the dedicated streets in its subdivision and in another public way leading to the City line but insisted that it do so. The City disclaimed any responsibility for the maintenance or upkeep of such system and it was no part of the City’s utilities.
On the basis of the above facts, the lower court granted the relief prayed for, holding that where a property owner constructs a sewerage system beneath the dedicated streets of a city with the consent of the municipal authorities and the City does not reserve the right to use the system itself or to allow others to do so and the municipality has neither exercised control or jurisdiction over the system nor claims such control and jurisdiction, the property owner who installed such system has the exclusive right to the use of the same.
*129 The correct rule of law was^applied by the chancellor to the above facts. The general rule and the ■ exceptions are aptly set forth in the. following quotation from 64 C.J.S.,’ Municipal Corporations, § 1806a, 275:
“In the exercise of its control of the space below the surface of the street, a' municipal corporation may prevent its use for private drains or sewers, or, in proper circumstances, may remove such a sewer, as where it is so located as to interfere with the paving or macadamizing of the street or the erection of a curb. On the other hand, a municipality may permit an individual or corporation to construct, under proper circumstances and restrictions, a private drain or sewer in its streets,. without the consent of the abutting owner; and a license for this purpose is usually revocable, but the. right to construct a private sewer may be so granted as to give the owner a vested right therein which the city cannot revoke. It is sometimes, although not always, held that, a private drain or sewer constructed by an individual in a public street is his private property, and that he has a right to the exclusive use of it, unless the municipality has reserved a right to. use it, or provision has been made by the municipality or the person constructing the sewer for the making of connections therewith by other persons, on the payment of a fee or charge, or unless the owner grants the municipality the privilege of connecting with the sewer. Where a drain or sewer has been constructed or maintained by an individual on his own initiative and it has never been accepted or taken over by the municipality, he alone is liable for the cost of its construction.” ‘
In 38 Am.Jur., 254 it is stated, “a municipality may permit the construction of sewers under its streets. It may even grant the right to construct private sewers and drains therein, although it cannot authorize the grantee thereby to maintain a nuisance.”
When a street, is. .dedicated, such dedication includes not only the surface thereof but so much; beneath, the surface as is necessary, or reasonably required to construct and maintain facilities for' the use of the public generally in that locality as well as so much of the space above the street as is necessary to allow those vehicles and things which ordinarily use: the street in that locality to pass over it.
The principle upheld by the chancellor below is particularly applicable in .a rapidly growing state such as ours. A contrary rule could well be detrimental to the orderly development and general welfare of many localities. Public funds to build sewer systems to take care of a rapidly expanding population are not always available and,, when such development takes place without provision being made for adequate sewerage disposal systems, the public is always-the loser-and the general health is sooner or later in danger. This Court takes judicial notice of the serious situations facing many Florida communities today because of the inadequacy of their sewerage systems and the consequent financial burdens that are having to be borne by them to remedy such conditions. See Town of Palm Beach v. City of West Palm Beach, Fla. 1951, 55 So.2d 566. It would be inequitable and unjust and certainly not in the interest of the general welfare to place the burden on the first subdivider in an area of furnishing sewerage facilities for all of his neighbors. This would be-the result if we'followed the course suggested by appellant.
While we have n,ot had occasion to decide this identical question before, it has been passed upon by the courts of other jurisdictions. In Boyden v. Walkley, 113 Mich. 609, 71 N.W. 1099, 1100, permission was granted by the City to a private individual to construct a private sewer at his own expense along a private street to connect with a previously existing sewer. After the sewer was constructed, a third party attempted to connect therewith. The Michigan court held that it was within the power of the City to grant the private citizen *130 the right to construct such private sewer in the public street at his own expense and, when so constructed, he was entitled to its use without interference from others. The following is a pertinent observation made by that court in the course of its opinion:
“The appellants say the council cannot give the exclusive use of the street to an individual. There has been no attempt to do so by the council. If the defendants desire to construct a private drain on this street, there is no doubt the council will give them the right, under proper restrictions, to do so.
******
" * * * We have no doubt the common council had the right to and did authorize the construction of this sewer. When constructed by complainants, at their own expense, they had a right to its enjoyment, free from the interruption or interference of private citizens. The decree is affirmed, with costs of both courts.”
We approve the holding in the cited case and the general principles set forth in Corpus Juris Secundum and American Jurisprudence from which we have heretofore quoted. This holding is.not to be construed so as to place any restrictions on the power of a city, as a condition precedent to the use of its public streets for the construction of private sewers or drains, to impose such conditions thereon as they may deem to be in the public interest.
We have carefully considered the cases of Cornwall v. Garrison, 59 Idaho 287, 81 P.2d 1094 and Glenn v. Woodworth, 197 S.C. 56, 14 S.E.2d 555, 559, cited by appellant in support of its contention that the City may not lawfully grant the right to use the sub-surface of public streets for the construction of a private sewer. We do not construe these cases to hold contrary to the general principles we have announced here. In Cornwall v. Garrison the factual situation was not only entirely different from that which is presented in this case, but, there it clearly appeared that there was no agreement between the person who constructed the sewer and the City that he should have the right to maintain the sewer for his own use to the exclusion of the public. Moreover, in that case it was not established satisfactorily that permission had ever been granted by the City to install the sewer in the first place. In Glenn v. Woodworth, supra, the court was there dealing with a very involved factual situation recognized by the South Carolina Court to present a situation of a character where “practical considerations would include a repeated tearing up of the driveway or street and the accumulation of sewer lines.” Furthermore, the Court stated in that opinion, after observing that the question was -not free of difficulties, “We have found no case which presents the problém within the precise limitations that are presented here.” These two cases are examples of the exceptions which are referred to in the extended quotation from C.J.S., supra, where, under peculiar facts, a different result might well be reached.
We have considered carefully the other contentions of the appellant but we find them to be without merit.
Affirmed.
MATHEWS, C. J., and TERRELL. SEBRING and HOBSON, JJ., concur.
THOMAS, J., dissents.
ROBERTS, J., not participating.