**MID–CONTINENT BUILDERS, INC., a corporation, et al., Appellants,**

v.

**MIDWEST CITY, a Municipal Corporation, Appellee.**

**No. 46777.**

Supreme Court of Oklahoma.

July 8, 1975.

Rehearing Denied Sept. 10, 1975.

As Amended Sept. 15, 1975.

Berry & Berry, by James W. Bill Berry, and Robert D. Baron, Oklahoma City, for appellants.

Edward H. Ferrish, Midwest City, for appellee.

McKnight, Gasaway, McKnight & Beck, by H. L. Gasaway, Enid, for amicus curiae Oklahoma Municipal League.

BARNES, Justice:

The subject matter of this controversy is water lines installed by Appellants in certain Additions in the City of Midwest City. The land, encompassing the Additions, was annexed by the City of Midwest City, Appellee, in 1959. Thereafter, the Appellants developed a part of the land in subdivisions known as Rolling Heights Addition,

Rollings Heights Section Two Addition, and Rolling Heights Third Addition. The Additions were subdivided, platted and dedicated, and were accepted by the Appellee. As part of the development of the Additions for residential purposes, the Appellants installed water lines in certain streets of the subdivisions. The Appellee connected its water supply to the water lines in question, serves water to the property owners in the subdivisions, and receives the revenue therefrom.

Appellants contend that they were compelled by Ordinances of Midwest City, Section 16–90, set out as follows:

"Effective on October 13, 1959, the developer of any addition or subdivision will be required to install all water lines in all additions at no expense to the City, except as hereinafter provided, and the City will not enter into any lease or option to purchase contracts with the developer for the repayment of water lines; provided, however, that should the City require lines to service such addition or subdivision in excess of 8 inches, the City will reimburse the developer on a pro-rata basis the difference in the cost of the 8-inch main and the actual size required. (Ord. 564, Sec. 4, 1–24–1961)"

to agree to install the water lines in order to have the plats approved and accepted and that the water lines have been taken and used by the Appellee for public purposes and therefore the Appellee has constructively taken the water lines owned by the Appellants and that Appellee should be required to pay just compensation therefor.

Appellants filed their action in reverse condemnation, Commissioners were appointed and they filed a report making an award to Appellants. Appellee filed exceptions to the Report of Commissioners. The Trial Court sustained the objections of the Appellee and dismissed the action. Appellants then brought this appeal alleging that the Trial Court made erroneous findings of fact and conclusions of law and erred in dismissing their action. The Trial Court held that:

"The Defendant did not 'take' the water lines as contemplated by the laws providing for condemnation proceedings. The Defendant accepted the plats of the subdivisions with the water lines installed, and proceeded to use the water lines for distribution of water to the inhabitants of the subdivisions at the request of the developers.

"Since there was no taking of Plaintiffs' property, and Plaintiffs are not entitled to be paid for the expense of installing water lines, the appointment of Commissioners herein was not authorized by law."

The question of whether there was a taking as contemplated by the laws providing for condemnation proceeding was answered in the case of *Hightower v. City of Tyler* (Tex.), 134 S.W.2d 404. In that case, Mr. Hightower constructed a subdivision with water and sewer lines and connected them to the City lines. He then went to the City Commission and asked them to pay for the water and sewer lines which he had laid. The City Commission refused. The Texas Court stated:

" * * * Having connected the water and sewer lines with the City's system for such service and received such service, and the City having put the lines to no other use than that contemplated by appellants, and the record showing that appellants made no reservation of any interest or right of use in the lines, we think it necessarily follows that appellants gave consent to the City to make such use of the lines as was made."

Syllabus 1 provides:

"Where owners of subdivision, to aid them in selling lots, placed water and sewer lines therein, dedicated subdivision to city, and connected water and sewer lines to city's lines without reservation

or right of use in lines, lines were not 'taken' without 'consent,' within meaning of constitutional provision that no person's property shall be 'taken' without adequate compensation being made, unless by the 'consent' of such person."

In *Billings Properties, Inc. v. Yellowstone County*, 144 Mont. 25, 394 P.2d 182, the Court was concerned with the constitutionality of a statute requiring the dedication of park and playground land as a condition precedent to the approval of the plat. That Court noted that the developer's act of attempting to secure approval of the plat was voluntary. Further, it noted that there is no law requiring the developer to subdivide and sell its land by plat. The Montana Court reasoned that if the subdivision creates the need for the parks and playgrounds, then it is not unreasonable for the subdivider to bear the cost of providing them.

In the case of *Petterson v. Naperville*, 9 Ill.2d 233, 137 N.E.2d 371, the Court held that a subdivision ordinance requiring the subdivider to pay for all street grading and surfacing, curbing, sidewalk, water mains and sewers on lots subject to the ordinance, is not arbitrary and unreasonable. Further, the Court stated:

"The imposition of reasonable regulations as a condition precedent to the subdivision of lands and the recording of plats thereof is not a violation of the constitutional requirement of uniformity of taxation or tantamount to the taking of private property for public use without just compensation." See, also, *Blevens v. City of Manchester* (New Hampshire), 103 N.H. 284, 170 A.2d 121 (1961).

We recognize that ordinances requiring installation of water lines at developer's expense are of fairly recent origin, but as stated in *Miller v. Board of Public Works of City of Los Angeles*, 195 Cal. 477, 234 P. 381, 38 A.L.R. 1479:

" * * * the police power, as such, is not confined within the narrow circumscription of precedents, resting upon past conditions which do not cover and control present day conditions obviously calling for revised regulations to promote the health, safety, morals, or general welfare of the public; that is to say, as a commonwealth develops politically, economically, and socially, the police power likewise develops, within reason, to meet the changed and changing conditions. What was at one time regarded as an improper exercise of the police power may now, because of changed living conditions, be recognized as a legitimate exercise of that power."

It also is to be remembered, in regard to Appellants' contention that the city "took" their property by forcing them to dedicate the water mains to city use as a condition of approving their plat, that no one required Appellants to subdivide this property and devote it to the public enterprise of city building. They could have kept it unplatted and have devoted it to any use that did not require the filing of a plat and an invitation to people to come in, to buy tracts and to build homes. However, when they did embark upon these developmental activities, necessarily they must comply with the existing ordinances. Such a contention is rebutted authoritatively by *City of Shawnee v. Thompson*, 275 P.2d 323 (Okl.1954), as well as by the decisions which we have cited from other jurisdictions.

We therefore hold that the requirement that subdividers and developers install water lines is not a taking of private property under Article II, Section 24, of the Oklahoma Constitution, and that the Trial Court was correct in dismissing Appellants' action.

In accord with the foregoing, the judgment of the Trial Court is affirmed.

All Justices concur.